BONDS v. WILSON.

Opinion delivered June 7, 1926.

1. HIGHWAYS—VARIATION FROM ROUTE OF STATE HIGHWAY.—A variation of eight or ten miles from the original route of a State highway, as shown on the map referred to in Acts of Extraordinary Session of 1923, No. 5, § 3, *held* a material variation.

2. HIGHWAYS—AUTHORITY TO DEPART FROM ORIGINAL ROUTE.—Under Acts Ex. Ses. 1923, No. 5, §§ 3, 20, the State Highway Commission is authorized to depart materially from the original route of a highway between towns designated on the map referred to in such act, so long as the towns are not eliminated from the route so changed.

Appeal from Van Buren Chancery Court; *Sam Williams,* Chancellor; affirmed.

*Opie Rogers* and *Strait & Strait,* for appellant.

*H. W. Applegate,* Attorney General, and *J. S. Abercrombie,* Assistant, *J. F. Koone, W. H. Cooper,* and *Garner Fraser,* for appellee.

McCULLOCH, C. J. Section 3 of act No. 5 of the Extraordinary Session of the General Assembly, approved October 10, 1923, outlines the system of State highways, and reads as follows:

"The State highways are hereby declared to be those primary roads and secondary roads connecting State roads heretofore designated by the Highway Commission, approved by the Governor, and tentatively approved by the Federal authorities, as shown by a map on file in the office of the State Highway Commission, entitled, 'Map of the State of Arkansas Showing Proposed System of Primary and Secondary Federal Aid Roads and Connecting State Roads,' and marked 'Revised December 1, 1922,' except that portion of said roads traversing incorporated towns of twenty-five hundred and over inhabitants. The State Highway Commission is hereby required to preserve said map as a permanent record.

"The State Highway Commission is hereby empowered, with any necessary consent of the proper Federal authorities, to make, from time to time, such necessary changes and additions to the roads designated as State highways as it may deem proper, and such changes or additions shall become effective immediately upon the filing of a new map, as a permanent and official record in the office of the State Highway Commission. Provided, however, the State Highway Commission shall not have the authority to eliminate any part of contemplated highway system as shown on map now filed with the Highway Department."

Section 20 of the same statute declares it to be the duty of the State Highway Commission to maintain and keep in repair the State highways, and to pay for same out of the public funds accruing from the gasoline, oil and automobile tax. That section reads, in part, as follows:

"It shall be the duty of the State Highway Commission to begin as soon as practicable and continue the maintenance of all roads that are now or hereafter may

be properly designated as State highways, to the end
that every part of the State highways shall be properly,
fairly and equitably maintained and kept in repair."

Other sections of the statute provide for the col-
lection of the gasoline, oil and automobile taxes and for
the distribution and application thereof in the improve-
ment and maintenance of highways.

There is brought to our attention in the present
record the highway map referred to in § 3 of the statute,
and one of the primary roads designated on that map
runs from Little Rock in a northwesterly direction to
the Missouri line, running through Conway, Clinton,
Leslie, Marshall, Harrison, Berryville and Eureka
Springs. No other towns or villages are indicated on
the original map of that route. County lines are
designated on the map, and the contour and direction
of the roads are indicated, without specifying the dis-
tances or objects, except the municipalities mentioned
above and the county lines. It appears from this map
that there is a detour of the route eastward from the town
of Clinton, which turns westward again to the direct
line south of the town of Leslie, in Searcy County. It
is shown in the present record that the distance around
this detour is about twenty-one miles, and that the adop-
tion of the direct route along the highway from Clinton
to Leslie would shorten the road a little over seven miles.
The State Highway Commission is about to change the
route from the detour indicated on the original map to
the direct route mentioned above, and this action was
instituted by appellants, who are citizens and owners of
property along the original route, to restrain the Commis-
sion from making this change. The contention of appel-
lants is that the change in the route is a material one,
and that the Commission has no authority under the
statute to make the change. The chancery court decided
the question against appellants, and dismissed their com-
plaint, from which decree an appeal has been prosecuted
to this court.

The question of authority of the State Highway
Commission to lay out and establish public roads is not
involved in this case.   The Legislature has not attempted
to confer such authority upon the State Highway Com-
mission, and could not do so, for that would constitute
an invasion of the constitutional jurisdiction of the
county court.   All that the statute attempts to do is to
authorize the State Highway Commission to adopt
routes for what are termed "State highways"—routes
along roads which are already public highways or which
may be thereafter laid out under proper authority.   It
is assumed that the change about to be made by the
State Highway Commission is along an established high-
way.   There is no allegation or proof to the contrary in
this record, hence we determine the only question pre-
sented—whether or not the State Highway Commission is
authorized to make this change.

It is conceded that the change is material, and that
is necessarily true from the distance which the original
route is departed from.   The exact distance is not
proved, but an inspection of the map indicates that there
is a variation of about eight or ten miles.

The language of § 3 is to some extent conflicting,
and it becomes our duty in interpreting the statute to
reconcile this apparent conflict, if possible, so as to give
effect to the legislative will.   The Commission is, in
express terms, empowered to "make, from time to time,
such necessary changes and additions to the roads desig-
nated as State highways as it may deem proper."   It
is evident that this language means to confer authority
to make substantial changes, for slight and immaterial
changes could be made even without express authority.
The difficulty in interpreting the statute arises entirely
from the language used in the last sentence, which
declares that the Commission "shall not have authority
to eliminate any part of contemplated highway system
as shown on map now filed with the Highway Depart-
ment."   We interpret this language to mean, not that
the route may not be changed by the Commission, but

that no part of the system shall be eliminated. The system is made up of different roads between termini, and the prohibition is against the elimination of any of those units of the system. There might be such a complete and radical change in the route of a road from one terminus to another as to amount to a complete elimination of that unit, but a change of route, however substantial, would not be an elimination of the unit if it ran from one of the specified termini to the other and ran in the same general direction as the route specified on the map.

It is significant that the original map, as adopted in the statute, did not specify all the towns along the indicated route, nor did it specify any objects which marked the points where county lines were crossed. Only important towns are indicated on the map. If we give any effect at all to the preceding language of the statute with reference to the authority of the Commission to make changes, it must be held that changes, however substantial, may be made if they do not constitute an elimination of the unit as a whole.

It is also contended that the language of § 30 has some bearing and leads to the conclusion that substantial variations of a route are not authorized. That section reads as follows:

"The State Highway Commission is hereby authorized to construct, reconstruct and improve every link in the State highways for which road improvement district funds have not been furnished, where the Commission finds that such project is of sufficient importance as a State highway as to demand it. The expense of such work shall be paid for out of the State highway fund and Federal aid, where Federal aid has been or may be allotted to such improvement, and may be paid in part or all out of funds appropriated for maintenance, if, in the opinion of the Commission, such amounts may be spared from the maintenance appropriation without impairing the patrol system of maintenance of State highways that

is hereby declared to be one of the principal features of this act.''

We do not think that § 30 has any bearing on the question of change of route. This section was enacted for another purpose, namely, to give authority to the Commission to construct and improve links in State highways in cases where improvement district funds are not available. The general purpose of the whole statute was to furnish aid from State taxation for the construction of roads improved by counties or by improvement districts, but this section is, as before stated, intended to authorize the use of State funds in the matter of links in the State highway system which are not otherwise improved by the use of other funds. It will be observed that in the State highway system there are three kinds of routes designated—primary and secondary Federal aid roads, and connecting roads. To illustrate the purpose of § 30, there may be instances of disconnected improvement by local districts along the route of a State highway, leaving unimproved links between the separate improvements. This section of the statute provides for such instances and gives authority to the Highway Commission to improve those omitted links and afford a continuous improvement along the route. It has no bearing, however, on the question of authority to change routes.

Our conclusion upon the whole case is that the chancery court was correct in upholding the authority of the Commission to make the contemplated change of route.

Decree affirmed.

HART, J., dissents.