WILSON *v.* INTERSTATE CONSTRUCTION COMPANY.

Opinion delivered November 26, 1928.

*U. C. May* and *Starbird & Starbird*, for appellant.

*Evans & Evans*, for appellee.

KIRBY, J. Appellants brought this suit to enjoin the appellee company from proceeding with the construction of the State highway through the city of Booneville, over the route condemned therefor by the county court at the instance of the State Highway Commission.

The complaint alleged that, under the order and judgment of the county court condemning the land, at the instance of the State Highway Commission, a copy of which was attached to the complaint, the appellee, under its contract with the State Highway Commission, was

about to forcibly enter and appropriate plaintiffs' lands, without compensation; that the county judge, Ray Blair, had made the order of condemnation, but had not paid or offered to pay for the lands taken; that the lands were wholly within the city of Booneville, a city of the second class, and the highway will be and is a part of the streets of the city of Booneville; and the county court was wholly without jurisdiction to condemn lands for streets in the city of Booneville, and without jurisdiction to make an order allowing a claim for damages for lands condemned wholly within such city.

A general demurrer and answer was filed. The answer alleged that the State Highway Commission, prior to any date in the complaint, took over the road, now State Highway No. 10, and had a survey made for the purpose of determining the proper route of the same, and, after such survey and determination, called upon the county court of Logan County to open, change and lay out said Highway No. 10; that the county court, on February 6, 1928, made and entered an order, changing, opening and laying out a right-of-way for said highway, and the same crosses the farms of the plaintiffs Speer and Wertz, and takes a few feet of the north side of the land of plaintiff Wilson; that the lands condemned by the county court for said Highway No. 10 were within the corporate limits of the city of Booneville; that the State Highway Commission has taken over said highway for the purpose of construction and maintenance, including that part of it which is a part of Main Street, in Booneville; denied that plaintiffs had no adequate remedy at law, and that no provision for damages was made, and that the county court was without authority to make the order, and prayed dismissal for want of equity.

A temporary injunction was granted, and the cause was tried on June 14, 1928, upon the amended complaint, answer, and demurrer of the defendant. The temporary injunction was dissolved, and the demurrer to the amended complaint sustained, and, the plaintiffs refusing to plead further, the complaint was dismissed for want of equity.

The order of the county court attached to the complaint reads:

"On this the 6th day of February, 1928, is presented to this court the petition of the State Highway Commission of the State of Arkansas, asking for changes in whole or in part of State Highway No. 10, section No. 2, which is a part of the State Highway system located in this county; said road being commonly known here as the Greenwood-Booneville road. It is further ordered that, if there is any landowner who is affected by this order, who feels himself aggrieved or damaged by reason of any changes in whole or in part of route over his land, he must present his claim to this court within one year from the date of this order, or be forever barred."

The lands condemned for the right-of-way were to widen and also slightly change the route of State Highway No. 10.

Appellants insist that the county court was without power or jurisdiction to condemn the lands in a city of the second class to widen a street which was designated and had become State Highway No. 10. Section 3 of act No. 5 of the Extraordinary Session of 1923 designates as State highways primary and secondary roads as designated by the Highway Commission and approved as shown on the Highway Commission's map, and provides "except that portion of said roads traversing in towns of 2,500 or over inhabitants." See *Bonds* v. *Wilson,* 171 Ark. 328, 284 S. W. 24.

Section 69 of said act No. 5 provides:

"The State Highway Commission shall call upon the county court to change or widen, in the manner provided by § 5249 of Crawford & Moses' Digest, any State highway in the county where the State Highway Engineer deems it necessary, for the purpose of constructing, improving and maintaining the road. In the event the county court should refuse to widen the road, as requested, the commission may refuse to construct, improve or maintain that portion of the road until a suitable right-of-way is provided." This statute has not

been repealed by later acts. *England* v. *State Highway Commission,* 177 Ark. 157, 6 S. W. (2d) 23.

Section 1 of act 184 of 1927 authorizes the State Highway Commission to designate such streets or parts of streets within the corporate limits of cities of the first and second class as are actual or direct continuations of duly designated and established State highways passing through such cities of the first and second class, selecting the most direct and practical route through such municipal corporations to make the State highway passing through continuous. The amendment to this section, by act No. 8 of the special session of 1928, § 1, gives the Highway Commission additional power to designate streets or parts of streets within incorporated towns as a continuation of duly designated and established highways passing through such municipalities. This later act gave the authority to the Highway Commission to select and designate the route of the State highway through cities of the first and second class, and the amendment thereto appears to authorize the Highway Commission to designate the streets or parts of streets as a route for the State highway through corporate towns.

Since the Highway Commission is given authority to designate the streets and select the route for continuation of a State highway passing through cities of the first and second class, selecting the most direct and practical route for the continuous highway, and the county court is given authority to change or widen in the manner provided any State highway in the county where the State Highway Engineer deems it necessary for the purpose of constructing, improving and maintaining such State highway, the county court had the power to provide a suitable right-of-way by the changing and widening of the streets selected and designated as such highway. It follows that the court did not err in so doing.

It has also been held that payment for the taking of private property for the construction of a public road need not precede the taking of the property, and that, in order to give courts of equity jurisdiction to prevent the

taking of the property on the ground that the complainant had no adequate remedy at law, it devolves upon him to show there was no sure and certain way for him to be paid, the burden being upon him to prove that there were no funds on hand in the county treasury with which to pay his claim for damages. The allegation here, however, was only that the county court had made the order of condemnation but had not paid or offered to pay for the land condemned. *Crawford County* v. *Simmons,* 175 Ark. 1051, 1 S. W. (2nd) 561. See also *Independence County* v. *Lester,* 173 Ark. 796, 293 S. W. 743.

The court did not err in sustaining the demurrer and dismissing the complaint, and the judgment is affirmed.