The Honorable Nathan V. George State Representative 11236 North New Hope Road Dardanelle, AR 72834-7776
Dear Representative George:
I am writing in response to your request for an opinion on the following matter:
 Is it permissible to erect a [publicly funded] Civil War monument on private land? Also, how far off the highway is the right of way?
RESPONSE
With respect to your first question, I am unable to opine on whether public funds may be permissibly expended to erect a Civil War monument because such a determination will require a factual analysis of the attendant circumstances for which this office is neither authorized nor equipped. With respect to your second question, right of way distances are determined on a case by case basis and I recommend contacting the Arkansas Highway and Transportation Department Right of Way Division regarding the specific portion of the highway at issue.
Question One: Is it permissible to erect a public Civil War monument onprivate land?
Because this question requires a factual determination involving all of the surrounding circumstances, I am unable to offer an opinion on this matter. I will, however, provide guidance as to the applicable law in this situation.
I assume from your question that public funds would be used in the construction of the Civil War monument. Under the common law constitutional "public purpose doctrine," public funds may not be expended for a private purpose but must rather be expended for a primarily public purpose or to directly benefit those who were taxed to pay for the expenditure. See Op. Att'y Gen. 2004-319 (citing Chandler v.Board of Trustees, 236 Ark. 256, 365 S.W.2d 447 (1963)). An incidental private benefit, however, will not automatically invalidate an expenditure of public funds. See, e.g. Op. Att'y Gen. 2004-319. I recently opined that it may be permissible for a municipality to use public funds to commemorate a soldier killed while on active duty. Op. Att'y Gen.2004-311. Additionally, I summarized case law from various jurisdictions regarding the expenditure of public funds to commemorate similar events.Id. I am enclosing a copy of Op. Att'y Gen. 2004-311 for your reference. Additionally, regarding the expenditure of public funds to make improvements to a private building leased to house a public library, I have said:
 The funds expended in this manner must be a reasonable amount. Cf. e.g. Op. Miss. Att'y Gen. 1999-0511 (stating that, "the city may lease property for a municipal purpose, such as a library, but the governing authorities may only spend funds on improvements which are commensurate with the value and term of the lease"). If the amount expended were unreasonable, even if the improvements were "necessary," then the excess expenditure might be challenged as an illegal exaction in violation of Ark. Const. art. 16, § 13.
Op. Att'y Gen. 2004-319. The Arkansas Supreme Court has described the remedy under Article 16, § 13 of the Arkansas Constitution in the following manner:
 The illegal exaction provision and the cases interpreting it encompass two (2) different types or kinds of exactions. One type involves the prevention of a misapplication of public funds or the recovery of funds wrongly paid to a public official. We have given this type of exaction an expansive interpretation because taxpayers are the equitable owners of all funds collected by a government and, in most of the cases, are liable to replenish the funds exhausted by a misapplication or wrongful payment. Under these conditions taxpayers are entitled to broad relief. For convenience, we label this type of case a "public funds" exaction case.
Pledger v. Featherlite Precast Corp., 308 Ark. 124, 128, 823 S.W.2d 852
(1992) (citations omitted); see also Hodges v. Lamora, 337 Ark. 470,989 S.W.2d 530 (1999). As one of my predecessors's stated, "[a]lthough ultimately the propriety of a particular expenditure is resolved by thejudiciary, great weight must be given legislative declarations of public purpose." Op. Att'y Gen. 2001-031 (citing Turner v. Woodruff,286 Ark. 66, 698 S.W.2d 527 (1985)) (emphasis added). I have previously noted that a chief determination of whether public funds have been expended for a private purpose is a finding of fact that this office is neither authorized nor equipped to undertake. See Ops. Att'y Gen. 2004-319, 2004-311, 2004-144.
Determining whether funds are expended for a primarily public purpose in erecting a Civil War monument on private land is properly the province of the judicial branch of government and beyond the scope and duties of this office.
Question Two: How far off the highway is the right of way?
There is no set boundary for a right-of-way abutting a highway. The Arkansas Highway and Transportation Department ("AHTD"), through the State Highway Commission, is authorized to acquire real property for present and future rights-of-way required for each section of each highway in the state. A.C.A. §§ 27-67-301 -302(1) (Repl. 1994 Supp. 2003). It is not entirely clear how the right-of-way is determined because provisions of the Arkansas Code provide authority to the county court to determine the right-of-way. See A.C.A. § 27-67-102 and § 27-67-212; seealso Wilson v. Interstate Construction Co., 178 Ark. 482, 10 S.W.2d 908
(1928). Regardless, to determine the right-of-way for the section of highway you are inquiring about, you may contact the AHTD Right of Way Division in Little Rock at P.O. Box 2261, Little Rock, Arkansas 72203 or call the Right of Way Division at (501) 569-2329. You could also contact the District Engineer for District 8, which includes both Yell and Pope Counties. The district engineer is Frank Russenberger and he may be reached at (479) 968-2286.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh