Robert Wayne GIBBS *v.* Mike MAHONE

83-69                                        661 S.W.2d 397

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Charles L. Carpenter* and *Charles L. Carpenter, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *James W. Cullum,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a tort action for the conversion of forty dollars. On November 1, 1980, the appellant, Robert Wayne Gibbs, was arrested by the appellee, Mike Mahone, a narcotics officer of the Arkansas State Police, on a charge of having sold drugs to Charles Sexton. At the time of the arrest, which took place outside the trailer where Gibbs was living, Gibbs conferred with his father at

the scene and then turned over to Officer Mahone about 2,000 pills that were in the trailer and two twenty-dollar bills that had been used in the undercover "buy" by Sexton and that matched serial numbers the officer had written down. On the following day, November 2, Officer Mahone paid $40 to Sexton's mother, who had furnished that amount for the buy.

Within the next two months it was found by chemical analysis that the pills contained caffeine rather than a controlled substance. The sale to Sexton had been legal. Gibbs tried unsuccessfully in the municipal court, after the charge against him had been dismissed, to obtain forty dollars from Officer Mahone.

Almost a year after the arrest Gibbs brought this action for the conversion of forty dollars and for $5,000 punitive damages. At the close of the plaintiff's case the trial judge directed a verdict for the defendant. Inasmuch as no facts were presented at the trial to justify the imposition of punitive damages, the lawsuit is actually one for forty dollars. We recognize, as did the trial judge, that Gibbs has the privilege of suing for that amount and demanding a jury trial. But since the case involves a trivial amount and no new legal principle of importance, we shall confine our discussion to the one controlling issue without stopping to answer various discursive arguments made in the appellant's brief.

The single pivotal issue below was whether Mahone was guilty of a wrongful conversion by paying Sexton's mother $40 on November 2, the day after the arrest. Much of the evidence concerned the plaintiff's efforts to recover his money and pills, but such facts were irrelevant. The complaint alleged a single conversion, on November 2. The following excerpts from the record show how the issue in the trial court was narrowed to the asserted November 2 conversion:

> The Court: Gentlemen, you correct me if I am in error. You are claiming a conversion occurred on November 2nd, although information as to that conversion was some time later.

Mr. Carpenter: That's correct.

The Court: That's the date of the conversion, if there was one. Are we clear on that, that's on the record.

Mr. Carpenter: Yes, sir.

*   *   *

The Court: There was no question about the legality of the seizure of this money, there's no question about the legality of the taking of the money, the only question [is] as to whether or not there was a conversion of the money at some point after the taking and that's alleged to have been on November 2nd. Is that what we've got in issue here?

Mr. Larry Carpenter: Yes, sir.

The appellant's argument is tacitly based on the fallacious assumption that that two twenty-dollar bills were still his property on November 2 and were therefore subject to a wrongful conversion on that date. In this connection he argues that Officer Mahone violated his duty by not preserving the identical bills as evidence in the case, so that his payment to Sexton's mother was a conversion. Perhaps Mahone could have been disciplined for improperly releasing evidence, but Gibbs has no standing to complain of that irregularity in police procedure. It was at most an irregularity, for Officer Mahone could have testified to the transaction without having the bills themselves to offer as an exhibit. *Scott* v. *State,* 251 Ark. 918, 475 S.W.2d 699 (1972). The important evidence would have been the drugs.

It is plain enough that Gibbs was entitled at most to the return of forty dollars in legal tender, whether in the form of two twenties, four tens, or other bills. Money, it is true, can be converted, but in the circumstances of this case Gibbs cannot treat as a tortious conversion the officer's disposition of two bills that no longer belonged to Gibbs. (As a matter of fact, the officer testified that he paid Sexton's mother forty dollars and retained the bills until January, but that is really immaterial.)

The ultimate question, then, is whether a police officer who acts in unchallenged good faith in making an arrest,

who takes bills that were used in a prearranged buy, and who repays the person who furnished the money used in the buy, can be held personally liable for a tortious conversion of the bills if the arrested person proves to be innocent. It is obvious that police officers could not perform their duties if they were subject to liability in such a case. Officer Mahone pleaded the defense of immunity in his answer and is fully supported by the law. In a pertinent law review Comment the authors stated the general rule that public officers are immune from liability for acts within the scope of their official authority and made this observation with respect to police officers:

> The duties of law enforcement officers require action immediately and directly inimical to the self-interest of individuals, which is often of the same nature as action inspired by malice, and to permit inquiry into the officers' motives in every case would inject chaos into law enforcement.

Comment, "Immunity of Public Officials in Civil Damage Suits," 5 Ark. L. Rev. 200 (1951). Those principles are controlling here. The trial judge was right in observing that Gibbs's remedy is to apply to the State Claims Commission.

Affirmed.