Brian Alan HODGES *v.* Jody LAMORA, Myron Lamora,
Gary Grimes, and Jim Rush

99-47                                                     989 S.W.2d 530

Supreme Court of Arkansas
Opinion delivered May 13, 1999

*Oscar Stilley*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP* by: *Virginia C. Trammell,Charles R. Ledbetter* and *Ronald D. Harrison*, for appellees.

R OBERT L. BROWN, Justice. This appeal concerns a dismissal with prejudice of appellant Brian Alan Hodges's amended complaint filed against appellees Jody Lamora, Myron Lamora, Gary Grimes, and Jim Rush.[1] Hodges now claims that the chancery court erred in ruling that he had no standing to bring the complaint and, second, in dismissing his civil conspiracy claim. We find no error in the chancery court's decision, and we affirm.

The facts of this case involve the theft of prescription drugs from the Sebastian County Detention Center. In 1995, Hodges was a police officer in Barling, and Jody Lamora was a staff nurse for the Sebastian County Sheriff's Department. Her husband was Myron Lamora, who served as chief of police in Barling. Gary Grimes was Sebastian County Sheriff, and Jim Rush was a deputy sheriff and administrator of the Sebastian County Detention Center.

In 1995, an internal investigation was conducted within the Sebastian County Sheriff's Department to determine the reason that prescription drugs were missing from the Sebastian County Detention Center. During the course of the investigation, investigators discovered that Jody Lamora had failed to account properly for the number of dosages of Stadol, a prescription pain medication, that she gave to the inmates. It was determined that the use of 172 cc's of Stadol was unknown. (Hodges's subsequent complaint stated that 253 dosages were unaccounted for.) Jody Lamora agreed to cooperate with the sheriff's investigators in return for an agreement with Sheriff Grimes that any statement given would be used for internal actions only and not for a criminal prosecution. During an interview with one of the sheriff's investigators, Michael Underwood, she admitted that she had injected herself with the missing Stadol in order to alleviate the pain of migraine headaches. Sheriff Grimes advised the prosecuting attorney of what had transpired, and the prosecuting attorney

---

[1] Jody Lamora also appears in the record as Jodie Lamora.

recommended that the sheriff contact the Arkansas State Police Drug Division Unit for assistance in investigating the matter.

On January 3, 1996, at a hearing conducted at the sheriff's department with all appellees present, Jody Lamora submitted her resignation to Sheriff Grimes. At that time, Sheriff Grimes told her that she would have to pay restitution for the Stadol taken in the amount of $1,283.20. (Hodges complains that the loss to the County was $3,500.) The sheriff then offered her additional time in which to make restitution because she was unemployed and would be entering a treatment program for substance abuse.

On May 8, 1998, Hodges filed a class-action lawsuit on the basis that an illegal exaction had occurred because Jody Lamora never made restitution, even though she later was employed by the City of Barling. Hodges further alleged that Myron Lamora, Gary Grimes, and Jim Rush had conspired to excuse the restitution and to hide Jody Lamora's theft.

Appellees filed their answer and then filed a Motion to Dismiss. On August 25, 1998, the chancery court dismissed Hodges's complaint without prejudice. In doing so, the court found that Hodges lacked standing to bring the suit and had failed to plead facts supporting a claim for illegal exaction or for civil conspiracy under Ark. R. Civ. P. 12(b)(6). The court's order also gave Hodges twenty days to file an amended complaint to state a cause of action. On September 14, 1998, Hodges filed his amended complaint. Appellees Rush and Grimes filed second answers in which they reiterated prayers for dismissal.[2] On September 25, 1998, the chancery court again dismissed Hodges's complaint against all defendants, but this time with prejudice.

Hodges first urges that the chancery court's finding that he had no standing to enforce the restitution agreement against Jody Lamora was wrong because this case constitutes an illegal exaction under Article 16, Section 13 of the Arkansas Constitution.

___

[2] Appellees Jody Lamora and Myron Lamora did not file an answer to the second amended complaint. Nor did they file an appellee's brief in this appeal.

Hodges further maintains that because the use of prescription drugs for "recreational highs" by a county nurse is not a legitimate county expenditure, failure to collect restitution amounts to a misapplication of county funds. Accordingly, a private citizen and resident is able to collect the amount lost to the county by means of an illegal exaction lawsuit. We disagree.

■ In deciding whether a motion to dismiss a complaint was properly granted, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Billy/Dot, Inc. v. Fields*, 322 Ark. 272, 908 S.W.2d 335 (1995); *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). In deciding the motion, we look only to the allegations in the complaint and not to matters outside the complaint. *Neal v. Wilson, supra.* As we said in *Billy/Dot, Inc. v. Fields, supra*, in determining the plaintiff's standing to bring a complaint, we treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation.

■ In the instant case, Hodges hinges his standing on a theory of illegal exaction. The fallacy in his argument is that the facts stated in his complaint do not constitute an illegal exaction under the Arkansas Constitution. *See* Ark. Const. art. 16, § 13. Hodges cites this court to *Pledger v. Featherlite Precast Corp*, 308 Ark. 124, 823 S.W.2d 852 (1992), and we agree that the following language from *Featherlite Precast* accurately states the law:

> The illegal exaction provision and the cases interpreting it encompass two (2) different types or kinds of exactions. One type involves the prevention of a misapplication of public funds or the recovery of funds wrongly paid to a public official. *See, e.g., Brewer v. Hawkins*, 242 Ark. 460, 408 S.W.2d 492 (1966). We have given this type of exaction an expansive interpretation because taxpayers are the equitable owners of all funds collected by a government and, in most of the cases, are liable to replenish the funds exhausted by a misapplication or wrongful payment. Under these conditions taxpayers are entitled to broad relief. *See, e.g., Samples v. Grady*, 207 Ark. 724, 182 S.W.2d 875 (1944). For convenience, we label this type of case a "public funds" exaction case.

308 Ark. at 128, 823 S.W.2d at 855.

The problem with Hodges's argument is that his allegations do not constitute a "public funds" exaction case. Hodges contends that an illegal exaction occurred in two respects: Jody Lamora's theft of county property and Sheriff Grimes's failure to collect restitution. As an initial matter, we note that the investigation of the sheriff's department into the missing Stadol was no substitute for the criminal prosecution of Jody Lamora, had the prosecuting attorney chosen to pursue that course. Charging a crime lies wholly within the province of the prosecuting attorney or grand jury. Ark. Const. amend. 21, § 1. The collection of an obligation owed to the county is the responsibility of the prosecuting attorney. See Ark. Code Ann. § 16-21-103 (Repl. 1994). A sheriff has no authority to bring criminal charges or file suit to collect a debt owed to a county.

But, in addition, we do not view this situation as one where a citizen such as Hodges can enforce restitution resulting from a theft by means of an illegal exaction lawsuit. Hodges cites us to no caselaw for his novel theory. Assignments of error unsupported by convincing argument or authority will not be considered on appeal, unless it is apparent without further research that the point is well taken. See Barr v. State, 336 Ark. 220, 984 S.W.2d 792 (1999); Edwards v. Stills, 335 Ark. 470, 984 S.W.2d 366 (1998). In any event, failure to collect restitution for theft surely does not qualify as a misapplication of public funds for illegal exaction purposes. Again, criminal charges and collection of a debt owed to the county are matters that lie within the ambit of the prosecuting attorney, and the available recourse must be through that office. Hence, we agree with the chancery court that Hodges lacked standing to bring this claim.

With regard to civil conspiracy, Hodges alleges in his complaint that the appellees, as a special favor to Myron Lamora, acted in a concerted fashion to accomplish an unlawful purpose — granting Jody Lamora "immunity" and not collecting restitution. The evidentiary basis for this charge comes in part from Hodges's tape-recorded telephone conversation with Myron Lamora where

the police chief commented that Sheriff Grimes "done me right" and "I knew I owed him." These statements were made in connection with the sheriff's internal investigation of Jody Lamora's theft of Stadol and his agreement not to use her statement as part of a criminal investigation.

■ We initially observe that the sheriff did not grant Jody Lamora immunity from prosecution and, indeed, had no authority to do so. The grant of immunity falls within the domain of the prosecuting attorney with the approval of the circuit judge. *See* Ark. Code Ann. § 16-43-601 through 606 (Repl. 1994, Supp. 1997). Furthermore, the sheriff's agreement not to use Jody Lamora's statement, which was taken as part of his investigation, did not impede the prosecuting attorney from pursuing an investigation into the theft for the purpose of bringing criminal charges.

■ ■ Hodges further contends that the police chief's statements quoted above and in his complaint support the fact that a tacit conspiracy was in the works. *See Chalmers v. Toyota Motor Sales,* 326 Ark. 895, 935 S.W.2d 258 (1996). Even viewing these allegations expansively, we cannot make the leap in logic that the police chief's stated appreciation for how events transpired concerning his wife equated to a conspiracy. Hence, we agree with the chancery court that Hodges failed to state facts upon which relief could be granted under Ark. R. Civ. P. 12(b)(6) for civil conspiracy.

Affirmed.