COURTNEY HUDSON GOODSON, Associate Justice
Appellants/cross appellees Arkansas State Plant Board and Terry Walker, in his official capacity as the director of the Arkansas State Plant Board (the Board), appeal the Pulaski County Circuit Court's April 3, 2018 order declaring that the Board's April 15, 2018, dicamba cutoff rule is "void ab initio," and "null and void." Appellees/cross appellants, who are farmers Michael McCarty, Perry Galloway, Matt Smith, Greg Hart, Ross Bell, and Becton Bell (the Farmers), appeal the same order's dismissing with prejudice their first amended complaint on the basis of the Board's sovereign immunity. We dismiss the direct appeal as moot and dismiss as moot in part and reverse in part on cross appeal, and remand for further proceedings.
I. Background
The Board approves and regulates herbicides that Arkansas farmers may use to combat invasive plant species. Arkansas row crop farmers struggle with competition from Palmer amaranth, which is commonly known as pigweed. Over the years, pigweed has developed a resistance to traditional herbicides. Dicamba-based herbicides effectively control pigweed but may only be used on plants grown from seed produced specifically to resist dicamba.
Dicamba is highly volatile, meaning that it has a tendency to evaporate and fall off-target and damage other plants that are not dicamba resistant. Dicamba was not approved for in-crop application in 2016. In 2017, the Board approved the use of what were believed to be less volatile formulations of dicamba-based herbicides for in-crop application. However, in 2017, the Board began investigating an unprecedented number of complaints of off-target dicamba herbicide injury. There was some dispute as to whether the improved dicamba-based herbicides were properly applied, or even if other dicamba-based herbicides were used. The Board therefore appointed a "Dicamba Task Force" to address the increased number of complaints and to propose rules for the use of dicamba by Arkansas farmers for the 2018 crop year. Pursuant to the task force's recommendations, the Board proposed a new rule that would prohibit the use of dicamba from April 16 through October 31 of each year.
*475 The Farmers used dicamba-based herbicide in 2017 and wished to use herbicide formulations containing dicamba in 2018. On September 29, 2017, the Farmers filed a petition for rulemaking. In their petition, the Farmers sought (1) the implementation of a May 25 cutoff date for dicamba application, (2) a requirement that there be a one-mile buffer between a dicamba application and any growing crop that is susceptible to dicamba injury, unless the applicator receives a written waiver for the application, (3) the creation of a special application permit for the growing season use of dicamba in circumstances of severe pigweed infestation; and (4) the instatement of a requirement that any individual or entity applying dicamba after April 15 must carry a mandatory liability insurance policy in the amount of $ 500,000. The Board denied the petition on October 19, 2017.
On November 9, 2017, the Board voted to ban the in-crop use of dicamba-based herbicides after April 15, 2018.[1] On November 10, 2017, the Farmers filed suit in the Pulaski County Circuit Court seeking declaratory and injunctive relief and judicial review of administrative acts. The Farmers subsequently filed an amended complaint alleging that (1) Arkansas Code Annotated § 2-16-206 is an unconstitutional delegation of legislative appointment power to private industry, (2) Board members violated Arkansas Code Annotated § 25-15-209(a) by having unannounced meetings and communicating with third parties about the proposed dicamba ban, (3) the Board's refusal to initiate rule-making as requested in their petition and the Board's proposed April cutoff date were arbitrary and capricious, and (4) third-party contacts and procedural irregularities provided grounds for them to conduct discovery and present additional evidence to the trial court.
On January 19, 2018, the Arkansas Legislative Council approved the rule prohibiting dicamba usage from April 16 through October 31, and the new rule took effect ten days later. On February 15, 2018, the Board filed a motion to dismiss the Farmers' amended complaint, arguing that (1) the Farmers lacked standing, (2) the Farmers' claims were not ripe, (3) the Farmers failed to perfect service of process on the Board, and (4) the Farmers' claims were barred by sovereign immunity. Notably, the Board conceded that Andrews did not "explicitly or implicitly overrule the line of cases that allow lawsuits for injunctive relief where a state official or agency is acting unlawfully, unconstitutionally, or otherwise outside the scope of his/its authority (ultra vires)." See Bd. of Trs. of Univ. of Ark. v. Andrews , 2018 Ark. 12, 535 S.W.3d 616. However, the Board argued that the Farmers' complaint failed to allege sufficient facts to plead any unlawful or unconstitutional violation. The circuit court granted the Board's motion to dismiss on the basis of the asserted sovereign immunity defense. The circuit court dismissed with prejudice the Farmers' constitutional claims regarding the selection and procedures of the Board. The circuit court also determined that the Farmers alleged no facts with respect to their administrative rulemaking appeal that would establish an exception to sovereign immunity. The circuit court then determined that the Board's sovereign immunity resulted in a violation of the Farmers' due process rights, because the Farmers lacked any way to challenge the Board's actions. Therefore, on April 3, 2018, the *476 circuit court ruled that the Board's rule was "void ab initio" and "null and void" as to the Farmers. The Board filed a notice of appeal as to the finding that the Board's rule was "void ab initio," and "null and void." The Farmers filed a cross appeal in which they appealed the circuit court's with prejudice dismissal of their complaint and the dismissal with prejudice of their allegations of constitutional violations.[2]
II. Standard of Review
In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. Hodges v. Lamora , 337 Ark. 470, 989 S.W.2d 530 (1999). Furthermore, we look only to the allegations in the complaint and not to matters outside the complaint. Id. However, we treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. Id.
III. Direct Appeal
The Board appealed that portion of the circuit court's order declaring void and without effect the Board's rule establishing the April 2018 cutoff date for the in-crop application of dicamba herbicides. We have consistently held that we will not review issues that are moot because to do so would be to render an advisory opinion. Keep our Dollars in Independence Cty. v. Mitchell , 2017 Ark. 154, 518 S.W.3d 64. A case generally becomes moot when any judgment rendered would have no practical effect on a then existing legal controversy. Id. When a challenged statute is amended or repealed so as to eliminate the controversy between the parties while the appeal is pending, the appeal is rendered moot. Ark. St. Plant Bd. v. Bell , 2019 Ark. 164, 2019 WL 2223441. These mootness principles equally extend to agency regulations that are repealed while an appeal is pending. Id.
While this appeal was pending, the Board promulgated a new rule that repealed the April 15 cutoff date. The new rule took effect March 9, 2019, and in-crop dicamba application is now allowed through May 25 of each year. Ark. Code R. 209.02.4-XIII(B)(1)-(2). We may take judicial notice of this new rule. Bell , 2019 Ark. 164. As a threshold matter, we must determine whether the Board's appeal is moot in light of the new rule.
The Farmers alleged in their complaint that if they were not allowed to use dicamba herbicides after the April cutoff date, they would suffer actual injury to their crops as well as financial injury. In its order, the circuit court ruled that
[t]he State Plant Board Rule establishing an April 16, 2018, cutoff date for in-crop application of dicamba herbicides is void and not applicable to Plaintiffs: Greg Hart, Becton Bell, Michael McCarty, Perry Galloway, Ross Bell, and Matt Smith. The State Plant Board Rule is null and void as if it had never been enacted as to these individuals.
The circuit court noted that the case was not brought as a class action and that the rule establishing the April cutoff date is "only applicable to the Plaintiffs in the present case." The Farmers' complaint was based on injury that they alleged they would sustain if the April cutoff date was implemented. The circuit court specifically referenced the April cutoff date in its order. Because the new rule provides that dicamba may now be used through May 25 *477 of each year, the controversy between the parties has been eliminated as to the circuit court's order regarding the April cutoff date. We therefore dismiss the Board's appeal as moot.
IV. Cross-Appeal
The Farmers appealed the circuit court's order dismissing their constitutional claims and their administrative appeal because of the State's sovereign immunity. Just as the Board's promulgation of the new dicamba cutoff rule renders the Board's direct appeal moot, the Farmers' cross appeal is moot with respect to their administrative appeal of the denial of their petition for rulemaking, as well as their claims regarding improper communications or procedural irregularities associated with that denial. However, the Farmers have also alleged that Arkansas Code Annotated § 2-16-206, which provides for the appointment of Board members from various private groups, is an unconstitutional delegation of legislative-appointment power to private industry. This claim is not moot. The circuit court noted that the Board raised the affirmative defense of sovereign immunity, cited Andrews , and dismissed the Farmers' constitutional claims with prejudice.
The circuit court's reliance on Andrews to find that the Farmers' complaint was barred by sovereign immunity is misplaced. Andrews held only that legislative waivers of the State's sovereign immunity are unconstitutional. After we decided Andrews , we concluded that the defense of sovereign immunity was inapplicable in a lawsuit seeking only declaratory and injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. Martin v. Haas , 2018 Ark. 283, 556 S.W.3d 509. In Haas , a voter alleged that new voting verification requirements violated the Arkansas Constitution. Although the State raised sovereign immunity as a defense, we stated that
[b]ecause appellee has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense.
Id. at 8, 556 S.W.3d at 515.
Because the Farmers here alleged that the process by which Board members are appointed violates the constitution, and because the Farmers sought only declaratory and injunctive relief, their constitutional claims are not subject to the sovereign immunity defense. Accordingly, the circuit court's order dismissing the Farmers' constitutional claims is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Dismissed as moot on direct appeal; dismissed in part as moot and reversed in part on cross-appeal; and remanded.
Baker, J., concurs in part and dissents in part.

The parties at times refer to both April 15 and April 16 as the cutoff date. There is no dispute that in-crop application of dicamba-based herbicides were prohibited after April 15 under the 2018 rule.

On April 13, 2018, we granted the Board's motion for a stay of the circuit court's order pending the appeal.