Cite as 2020 Ark. 395

# SUPREME COURT OF ARKANSAS

**No.** CV–20–167

|  |  |
|---|---|
|  | **Opinion Delivered:** December 3, 2020 |
| ARKANSAS DEVELOPMENT FINANCE AUTHORITY<br><br>APPELLANT<br><br>V.<br><br>JEAN WILEY AND ROSALIND WILLIAMS<br><br>APPELLEES | APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CV-18-54]<br><br>HONORABLE QUINCEY ROSS, JUDGE<br><br><br>REVERSED AND DISMISSED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Arkansas Development Finance Authority (ADFA), filed this interlocutory appeal of the Chicot County Circuit Court's order denying its motion to dismiss a complaint filed by Rosalind Williams and Jean Wiley. For reversal, ADFA argues that article 5, section 20 of the Arkansas Constitution immunizes it from appellees' claims. We have jurisdiction of this appeal pursuant to Arkansas Supreme Court Rule 1–2(a)(1) (2019) because it involves our interpretation of the Arkansas Constitution. We reverse and dismiss appellees' claims against ADFA.

On April 2, 2018, appellees filed a complaint for breach of contract, negligence, fraud, and unjust enrichment, against ADFA; Ronnie Minnick, Ronnie Minnick d/b/a the Reata Foundation, Inc.; the City Council of the City of Lake Village, Arkansas; and Union Bank & Trust Co. of Monticello, Arkansas. Appellees alleged that they each entered into a

contract with Reata, ADFA, and the city, to pay Reata $90,000 in exchange for home repairs. According to the complaint, on April 7, 2014, ADFA issued to appellees a "Notice to Proceed" with reconstruction activities that required them to move out of their homes so that the repairs could be made. The notice also began a ninety-day time period for Reata to make the repairs. Appellees asserted that Union Bank issued irrevocable letters of credit on March 18, 2015, promising to act as guarantor of defendant's obligations under the contracts. Reata did not complete the repairs in a timely manner, and the repairs that Reata reported as complete were defective and rendered the premises unsuitable for occupation. Although appellees provided Reata with written and detailed notices that Reata was in breach of its obligations, the problems were not resolved by the time the complaint was filed some three years later. Appellees asserted that they were contractually entitled to one hundred dollars per day in liquidated damages that began to accrue on the ninety-first day after ADFA's notice to proceed. Wiley was excluded from her home for about a year and a half because of the incomplete repairs and was forced to move back into her home despite the deficiencies. Williams has not moved back into her home. Appellees alleged that their circumstances were the result of Reata's failure to make the repairs called for in the contract and "the joint and several failures of the other Defendants as fiduciaries herein, in their obligations to indemnify or protect Plaintiffs from such breaches." Appellees sought "specific performance of the contracts herein, including an injunction that Reata immediately resume repairs to the homes[.]" They also sought compensatory damages against all defendants, "both jointly and severally," as well as punitive damages against separate defendants Reata and Minnick.

2

On May 16, 2018, ADFA filed a motion to dismiss, asserting that it was entitled to sovereign immunity. ADFA also argued that no exception to sovereign immunity applied because the complaint failed to plead sufficient factual matter to state a plausible claim for breach of contract, negligence, fraud, or unjust enrichment. The circuit court considered ADFA's motion at an October 21, 2019 hearing. At the conclusion of the hearing, the court orally denied the motion. The circuit court entered a written order denying ADFA's motion on October 30, stating in relevant part as follows:

> Based on the hearing held on October 21, 2019, the pleadings, and the arguments of counsel, the Court hereby denies ADFA's Motion to Dismiss on the grounds of sovereign immunity or failure to state a claim pursuant to Arkansas Rules of Civil Procedure 8(a) and 12(b)(6).

ADFA filed a timely notice of appeal pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil, which permits an interlocutory appeal from an "order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official." *Bd. of Trs. v. Andrews*, 2018 Ark. 12, at 4, 535 S.W.3d 616, 618.

As a preliminary matter, we note that the parties dispute whether ADFA's motion should be treated as a motion to dismiss or as a motion for summary judgment. Relying on *Hanks v. Sneed*, appellees argue that the circuit court's order stating that it had considered the pleadings and the argument of counsel compels us to presume that the order was based on matters beyond the pleadings and to treat this as an appeal of the denial of a motion for summary judgment. 366 Ark. 371, 235 S.W.3d 883 (2006). They note that they attached exhibits to their response to a motion for summary judgment filed by separate defendant Union Bank. Appellees are mistaken. In *Hanks*, the circuit court considered "the pleadings,

3

transcript and all exhibits attached thereto." In *Hanks*, affidavits were attached as exhibits to a motion to dismiss. Because the affidavits were proof outside the complaint, the motion was converted to a motion for summary judgment. In this instance, ADFA attached no affidavits or other evidence to its motion. Therefore, we review this as an appeal of the denial of a motion to dismiss.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Worden v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243. We look only to the allegations in the complaint and not to matters outside the complaint. *Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Id.* Whether a party is immune from suit is purely a question of law that we review de novo. *Harris v. Hutchinson*, 2020 Ark. 3, 591 S.W.3d 778.

This appeal concerns a lawsuit filed against a state agency. The doctrine of sovereign immunity extends to state agencies. *Steve's Auto Ctr. of Conway, Inc. v. Ark. State Police*, 2020 Ark. 58, 592 S.W.3d 695. If a judgment in favor of a plaintiff would operate to control the action of the State or subject it to liability, the suit is one against the State and is barred by the doctrine of sovereign immunity. *Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). However, the defense of sovereign immunity is inapplicable in a lawsuit seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. *Martin v. Haas*, 2018 Ark. 283, 556 S.W.3d 509. A plaintiff seeking to surmount sovereign immunity under this exception is not exempt from complying with our fact-

4

pleading requirements. *Harris*, 2020 Ark. 3, 591 S.W.3d 778. Rule 8(a) of the Arkansas Rules of Civil Procedures requires "a statement in ordinary and concise language of facts showing . . . that the pleader is entitled to relief." The complaint must provide facts to state a claim based on illegal, unconstitutional, or ultra vires state action, and short, conclusory statements and bare allegations will not do. *Harris*, 2020 Ark. 3, 591 S.W.3d 778.

With these authorities in mind, we look to the claims in appellees' complaint. Appellees first argue that ADFA breached its contract. Generally, to state a cause of action for breach of contract the complaint must assert (1) the existence of a valid and enforceable contract between the plaintiff and defendant, (2) the obligation of defendant thereunder, (3) a violation by the defendant, and (4) damages resulting to plaintiff from the breach. *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, 436 S.W.3d 445.

Although appellees asserted in the complaint that they had entered into a written contract with ADFA, they provided no facts describing ADFA's obligations under the contract. Moreover, they have not alleged any facts to show how ADFA violated its purported obligations under the contract. Finally, appellees' complaint generally seeks damages "against Defendants, both jointly and severally," but the only contractual provision they have cited is Reata's obligation to pay liquidated damages of one hundred dollars per day for each day the work is incomplete after the ninety-day deadline.

Appellees did allege in the complaint that Reata's contractual breach resulted in "the joint and several failures of the other Defendants as fiduciaries herein, in their obligations to indemnify or protect Plaintiffs from such breaches." Breach of fiduciary duty involves betrayal of a trust and benefit by a dominant party at the expense of one under his or her

5

influence. *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878, *cert. denied*, 537 U.S. 1003 (2002). A person standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of the duty imposed by the relationship. *Long v. Lampton*, 324 Ark. 511, 922 S.W.2d 692 (1996). Regardless of the express terms of an agreement, a fiduciary may be held liable for conduct that does not meet the requisite standards of fair dealing, good faith, honesty, and loyalty. *Sexton Law Firm, P.A. v. Milligan*, 329 Ark. 285, 948 S.W.2d 388 (1997). The guiding principle of the fiduciary relationship is that self-dealing, absent the consent of the other party to the relationship, is strictly proscribed. *Id.*

Just as appellees failed to plead sufficient facts to state a claim for a breach of contract, they have failed to plead sufficient facts to establish a breach of fiduciary duty. The complaint does not provide any facts describing the relationship that appellees had with ADFA, nor does it explain how ADFA was in a position of trust or how it breached that trust. The complaint does not allege any self-dealing on the part of ADFA. Therefore, the complaint fails to state a claim for a breach of fiduciary duty. Appellee's factual allegations are insufficient to establish an illegal, unconstitutional, or ultra vires action by ADFA with respect to any contract claim or any claim for breach of fiduciary duty.

Next, we consider appellees' claim for unjust enrichment. To find unjust enrichment, (1) ADFA must have received something of value, (2) to which it was not entitled and which it must restore to appellees, and (3) there was some operative act, intent, or situation that make the alleged enrichment of the ADFA unjust and inequitable. *Guar. Nat'l Ins. Co. v. Denver Roller, Inc.*, 313 Ark. 128, 854 S.W.2d 312 (1993); *Frigillana v. Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979).

Appellees alleged in their complaint that Reata received $90,000 for home repairs that were not completed. However, appellees have not alleged any facts to show that ADFA received something of value. They have not alleged facts to show that ADFA should restore anything, nor did they allege facts to show any operative act, intent, or situation that would make the alleged enrichment of ADFA unjust and inequitable. Therefore, appellees have not stated a claim for relief as to ADFA with respect to their unjust-enrichment claim.

We turn now to appellees' fraud claim. In order to prove fraud, appellees must prove that (1) ADFA made a false representation of material fact; (2) ADFA knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) ADFA intended to induce action or inaction by appellees in reliance upon the representation; (4) appellees justifiably relied on the representation; and (5) appellees suffered damage as a result of the false representation. *Muccio v. Hunt*, 2016 Ark. 178, 490 S.W.3d 310 (citing *Jewell v. Fletcher*, 2010 Ark. 195, 377 S.W.3d 176).

Appellees did not allege in their complaint that ADFA ever made a material misrepresentation, much less that such a misrepresentation was made knowingly or with insufficient evidence upon which to make it. They have not alleged facts to show that ADFA sought to induce action on their part or that they relied on any misrepresentation. Finally, appellees have not alleged any facts to demonstrate that losses they incurred were the result of any misrepresentations by ADFA. Appellees' complaint therefore fails to state a claim against ADFA for fraud.

Finally, we consider appellees' negligence claim. To prevail on a claim of negligence, the plaintiff must prove that (1) ADFA owed a duty to appellees, (2) ADFA breached the

duty, and (3) the breach was the proximate cause of appellees' injuries. *Duran v. Sw. Ark. Elec. Coop. Corp.*, 2018 Ark. 33, 537 S.W.3d 722. Duty arises out of the recognition that the relation between individuals may impose upon one a legal obligation for the benefit of another. *Id.* Appellees have not pled facts to describe the relationship that they had with ADFA or any duty that ADFA owed them. Likewise, they have not alleged any facts to suggest that ADFA breached a duty. Additionally, they have not pled facts to explain how their damages are related to a failure on the part of ADFA. Accordingly, appellees have not stated a negligence claim against ADFA.

The relief appellees seek would unquestionably control the action of the State and their claims are therefore barred by article 5, section 20 of the Arkansas Constitution. *See Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 80. Although we have recognized that sovereign immunity is inapplicable in a lawsuit seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act, appellees are not exempt from complying with our fact-pleading requirements, and their conclusory statements are insufficient to state a claim that ADFA engaged in an illegal, unconstitutional, or ultra vires act. Therefore, ADFA is entitled to sovereign immunity, and the circuit court erred in not granting its motion to dismiss.

Reversed and dismissed.

BAKER and WYNNE, JJ., concur.

HART, J., dissents.

**KAREN R. BAKER, Justice, concurring.** I agree with the majority's disposition; however, I write separately because I cannot agree with the majority's holding that

"[a]lthough we have recognized that sovereign immunity is inapplicable in a lawsuit seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act, appellees are not exempt from complying with our fact-pleading requirements, and their conclusory statements are insufficient to state a claim that ADFA engaged in an illegal, unconstitutional, or ultra vires act."

Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." As explained by the majority in *Board of Trustees of University of Arkansas v. Andrews*, "We interpret the constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d 616, 622. Further, sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *Id.* (citing *LandsnPulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 269 S.W.3d 793 (2007); *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000)).

Thus, despite the majority's holding that the appellees failed to sufficiently plead facts stating an exception to sovereign immunity, *Andrews* holds that the State may never be sued; therefore, the appellees' pleadings are inconsequential. For this reason, I concur in the disposition of this case.

**ROBIN F. WYNNE, Justice, concurring.** I agree with the majority that appellees' complaint fails to plead sufficient facts to state a claim for a breach of contract, unjust enrichment, fraud, or negligence against appellant Arkansas Development Finance Authority. I write separately to point out that, even if appellees had pled sufficient facts for

those causes of action, they would still be barred by the doctrine of sovereign immunity. While we have recognized that sovereign immunity is inapplicable in a lawsuit seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act, neither a breach of contract nor a tort constitutes an "illegal, unconstitutional, or ultra vires act" in this context. Rather, that "exception" to sovereign immunity applies only when a state actor is violating the constitution, a statute, or some other law. Breaching a contract or committing a tort—however wrong or unjust—simply does not surmount the state's sovereign immunity.

By establishing the Arkansas State Claims Commission, the legislature created a method by which claims alleged to be "just and legal debts of the state" may be addressed while preserving the state's sovereign immunity as declared in the Arkansas Constitution. *See Fireman's Ins. Co. v. Ark. State Claims Comm'n*, 301 Ark. 451, 457, 784 S.W.2d 771, 775 (1990); *Milligan v. Singer*, 2019 Ark. 177, at 4, 574 S.W.3d 653, 656. This court has recognized that breach-of-contract claims must be heard by the Claims Commission. *Ark. Tech Univ. v. Link*, 341 Ark. 495, 502, 17 S.W.3d 809, 813 (2000). This court has also observed that a plaintiff alleging a tort claim is limited to applying to the Claims Commission. *E.g.*, *Gibbs v. Mahone*, 281 Ark. 115, 118, 661 S.W.2d 397, 399 (1983) (plaintiff's remedy for conversion of cash by police officer was to apply to the Claims Commission); *Ark. State Highway Comm'n v. Lasley*, 239 Ark. 538, 390 S.W.2d 443 (1965) (condemnee who sought to recover for damage to his crops and loss of cattle caused by negligent acts of agents of State Highway Commission could present his claims to the Claims Commission).

10

I respectfully concur.[1]

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. There is only one question this court has jurisdiction to address in this interlocutory appeal—whether the lawsuit filed by Jean Wiley and Rosalind Williams (Appellees) against Arkansas Development Finance Authority (ADFA) is barred by sovereign immunity. *See* Ark. R. App. P.–Civ. 2(a)(10). As this court said in *Monsanto Co. v. Arkansas State Plant Board*, the exception to the sovereign-immunity doctrine for arbitrary, bad-faith, or ultra vires State conduct is "alive and well." 2019 Ark. 194, at 9, 576 S.W.3d 8, 13. Because Appellees allege ADFA engaged in arbitrary, bad-faith, ultra vires conduct, the circuit court was correct to deny ADFA's motion to dismiss based on sovereign immunity.

Appellees filed this lawsuit against ADFA and others on April 2, 2018. ADFA filed a motion to dismiss the lawsuit's claims against it, arguing ADFA was entitled to sovereign immunity and that the plaintiffs failed to state a claim pursuant to Ark. R. Civ. P. 12(b)(6). Ordinarily, when reviewing a circuit court's decision on a motion to dismiss, we look only to the allegations in the complaint and not to matters outside the complaint. *Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. However, "(i)f … matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one

---

[1]This opinion addresses only the state's sovereign immunity and is not a comment on any potential personal liability of state officers or employees, as that is not at issue in this case. *See* Ark. Code Ann. § 19-10-305(a) (Repl. 2016) ("Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.").

for summary judgment and disposed of as provided in Rule 56[.]" Ark. R. Civ. P. 12(b).

For example, in *Nielsen v. Berger-Nielsen*, this court observed,

> While the trial court's order indicates that the dismissal of William's third-party complaint against Benson was under Ark. R. Civ. P. 12(b)(6), it is clear that the trial court took into account other pleadings, documents, and information when making its decision. As such, it is not a dismissal, but instead a summary judgment. Pursuant to Ark. R. Civ. P. 12(b) and (c), a motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court.

347 Ark. 996, 1003, 69 S.W.3d 414, 418 (2002). Here, Appellees filed a response to ADFA's motion to dismiss, which came with a brief and attached exhibits, and the circuit court later held a hearing on the parties' motions, at which it received testimony and further arguments from the parties' counsel. After considering this additional information, the court denied ADFA's motion to dismiss.

Note that, in reversing the circuit court's decision, the majority is not basing its decision on the same information that the circuit court relied on to reach its decision. The majority's assessment is confined to the four corners of the complaint. But counsel for Appellees raised significant allegations before the circuit court which are not discussed in the majority opinion. In addition to the allegations that ADFA (1) enticed Appellees to enter this program, (2) issued the "Notice to Proceed" to begin the work for these projects, and (3) abjectly and inexplicably refused to call on the "Irrevocable Letters of Credit" that would have supplied the funds to complete these projects when the contractor failed to perform (all of which was set forth in Appellees' initial complaint), counsel also explained that Appellees were required to deed over their property to ADFA with a mortgage, that ADFA still held title to their property, and that ADFA was still actively trying to collect on the

mortgage(s). None of these matters were ever "excluded" within the meaning of Ark. R. Civ. P. 12 (b), so the majority is incorrect to exclude these matters from its sovereign-immunity analysis.[1]

> Specifically, Appellees' counsel argued at the hearing:

> And as part of the agreement, they were required to deed over their property to ADFA.
> …
> ADFA just sent her a letter a couple of weeks ago claiming that she owes the entire $90,000 on the home now and saying that she is $12,000 in arrears. So I don't see how ADFA can say at this point that they shouldn't be a party [based on an assertion of sovereign immunity] when they are trying to collect on the mortgage, the entire mortgage, from Ms. Williams for a home that she can't even live in.

And in their written response to ADFA's motion to dismiss, Appellees argued:

> The actions of ADFA and City, of their own free will and acting formally within their governmental authority, in electing to enter binding written contracts with these private citizens, inducing the citizens to invest their private funds, personal time and accessibility to their homes in reliance on the contracts, and in taking actions following entry of the contracts which evidence ratification and partial performance of their obligations under the contracts, constituted a waiver and abrogation of any sovereign immunity which ADFA might otherwise rely upon herein.

The circuit court's order denying ADFA's motion to dismiss indicates that this information contributed to the circuit court's decision. The circuit court's order provided in relevant part:

> Based on *the hearing held on October 21, 2019*, the pleadings, and the *arguments of counsel*, the Court hereby denies ADFA's Motion to Dismiss on the grounds of sovereign immunity or failure to state a claim pursuant to Arkansas Rules of Civil Procedure 8(a) and 12(b)(6).

---

[1] *See also Chaney v. Union Producing, LLC*, 2020 Ark. 388, ___ S.W.3d ___ (Hart, J., dissenting) (arguing that failure to consider plaintiff's factual allegations in support of claim of ultra vires State conduct violates due process).

(Emphasis added.)

Essentially, Appellees allege that ADFA engaged in a bait and switch. The "bait" was ADFA's representation that this home-improvement program would provide Appellees with improvements to their homes for affordable sums of money ($90,000, half of which was to be forgiven), and that ADFA would be there to see the program through. To participate in this program, Appellees had to sign a services contract with Reata Foundation, Inc. (Reata), deed and mortgage the properties to ADFA, and vacate their homes while the improvements were supposedly being performed. The "switch" is ADFA's subsequent and continuing refusal to call on the "Irrevocable Letter of Credit" issued by Union Bank after Reata defaulted (when those funds were specifically designated to address a default by Reata), while simultaneously pursuing Appellees for the *full* amount owed under the mortgage(s), even knowing that Reata never performed and that Appellees' homes remain in significant disrepair.

The circuit court found that these allegations satisfy the exception to the sovereign-immunity doctrine for arbitrary, bad-faith, ultra vires conduct on the part of the State, and so do I. Appellees did not simply deed their property to ADFA for no reason. ADFA's home-improvement program, and the deliberate actions ADFA allegedly engaged in while administering this program, are the only means by which the particular harm suffered by Appellees could have even occurred.[2] Accordingly, ADFA should have to respond to this lawsuit on its merits.

---

[2]For example, curiously, the "Irrevocable Letter of Credit" seems to contemplate that only ADFA can "call" on the funds (despite ADFA's representation that it has nothing

This case calls for a full trial after a robust investigation and discovery process. There are dangers to denying citizens access to the courts when they have alleged ultra vires acts by government agencies. It denies our citizens the ability to expose and remedy unconstitutional government conduct, while supplying a shield to government actors who would violate the rights of the citizenry. And every time we do so, we slide a little further from democracy and a little closer to authoritarian rule. For these reasons, I dissent.

*Leslie Rutledge*, Att'y Gen., by: *Patricia Van Ausdall Bell*, Ass't Att'y Gen., for appellants.

*Vicki Lucas Attorney PLLC*, by: *Vicki Lucas* for appellees.

---

to do with the agreements at issue here), yet ADFA declined to do so despite the City of Lake Village's repeated requests.