Cite as 2021 Ark. 105

# SUPREME COURT OF ARKANSAS
No. CV–20–164

|  |  |
|---|---|
| MICHAEL MCCARTY, PERRY GALLOWAY, MATT SMITH, GREG HART, ROSS BELL, AND BECTON BELL <br><br> APPELLANTS <br><br> V. <br><br> ARKANSAS STATE PLANT BOARD AND TERRY WALKER, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE ARKANSAS STATE PLANT BOARD <br><br> APPELLEES | **Opinion Delivered:** May 6, 2021 <br><br> APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [60CV-17-6539] <br><br> HONORABLE TIMOTHY DAVIS FOX, JUDGE <br><br><br> <u>REVERSED AND REMANDED WITH INSTRUCTIONS</u>. |

**BARBARA W. WEBB, Justice**

The Pulaski County Circuit Court found Arkansas Code Annotated section 2-16-206(a) (Supp. 2019), which sets forth the appointment process for members of the Arkansas State Plant Board (ASPB), constitutional. McCarty appeals the constitutionality finding. We reverse and remand with instructions.

I. *Background*

In 2017, McCarty filed a complaint and an amended complaint for declaratory judgment, injunctive relief, and judicial review of administrative actions, generally challenging the ASPB's April 15, 2018, dicamba cutoff rule and the denial of a petition for rulemaking submitted by the appellants. McCarty also sought a declaration that Arkansas

Code Annotated section 2-16-206(a) is unconstitutional. The ASPB moved to dismiss McCarty's amended complaint and the circuit court declared that the April 15 "cutoff" rule was "void ab initio" and "null and void" as to the individual appellants before dismissing the case on the basis of sovereign immunity.

The ASPB appealed the circuit court's ruling that the challenged rule was "void ab initio" and "null and void" as to McCarty. McCarty cross-appealed the dismissal of their complaint and allegations of constitutional violations. We dismissed the ASPB's appeal as moot and found McCarty's cross-appeal partially moot. *Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. We held that McCarty's claim that Arkansas Code Annotated section 2-16-206 was an unconstitutional delegation of legislative appointment power was not moot. *Id.* We reversed and remanded for further proceedings on that issue. *Id.* On remand, the circuit court found that Arkansas Code Annotated section 2-16-206(a) was constitutional and never reached McCarty's requested relief. McCarty now appeals the circuit court's finding that the statute was constitutional.

## II. *Standard of Review*

This court reviews issues of statutory construction under a de novo standard. *Bullock's Kentucky Fried Chicken, Inc. v. City of Bryant*, 2019 Ark. 249, 582 S.W.3d 8. In considering any constitutional challenge to a statute, this court "begins with the axiom that every act carries a strong presumption of constitutionality." *Ark. Dep't of Corr. v. Bailey*, 368 Ark. 518, 523, 247 S.W.3d 851, 855 (2007). This presumption places the burden of proof squarely on the party challenging a statute to prove its unconstitutionality, and this court resolves "all doubts" in favor of upholding the constitutionality of the statute, if possible.

*Id.*; *City of Cave Springs v. City of Rogers*, 343 Ark. 652, 658–59, 37 S.W.3d 607, 611 (2001). This Court will only strike down a statute when there is a "clear and unmistakable" conflict between the statute and the constitution. *Bailey*, 368 Ark. at 523–24, 247 S.W.3d at 855.

### III. *Constitutional Challenge*

Within our state constitution is a specific separation-of-powers provision, providing:

> § 1. The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to-wit: Those which are legislative, to one, those which are executive, to another, and those which are judicial, to another.

> § 2. No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

*Hobbs v. Jones*, 2012 Ark. 293, at 8, 412 S.W.3d 844, 850 (citing Ark. Const. art. 4, §§ 1, 2). In *Department of Human Services v. Howard*, we explained the specific powers delegated to each branch. *Id.* (citing 367 Ark. 55, 238 S.W.3d 1 (2006)). The legislative branch of the state government has the power and responsibility to proclaim the law through statutory enactments. *Id.* The judicial branch has the power and responsibility to interpret the legislative enactments. *Id.* The executive branch has the power and responsibility to enforce the laws as enacted and interpreted by the other two branches. *Id.* The doctrine of separation of powers is a basic principle upon which our government is founded and should not be violated or abridged. *Id.*

The doctrine prohibiting delegation of legislative power has long been recognized in Arkansas. *Leathers v. Gulf Rice Ark., Inc.*, 338 Ark. 425, 429, 994 S.W.2d 481, 483 (1999). In determining whether an unconstitutional delegation has been made, we consider whether the legislature "has attempted to abdicate, or to transfer to others, the essential legislative

functions with which it is vested by the Constitution," noting that "legislation must often be adapted to conditions involving details with which it is impracticable for the legislature to deal directly." *Id.*, 994 S.W.2d at 483 (citing *Currin v. Wallace*, 306 U.S. 1, 15 (1939)).

Arkansas Code Annotated section 2-16-206(a) permits the appointment of a Plant Board member by the Arkansas State Horticultural Society, the Arkansas Green Industry Association, the Arkansas Seed Growers Association, the Arkansas Pest Management Association, the Arkansas Seed Dealers' Association, the Arkansas Oil Marketers Association, the Arkansas Crop Protection Association, Inc., the Arkansas Agricultural Aviation Association, the Arkansas Forestry Association, and two nonvoting members from the University of Arkansas. This means there are nine seats on the eighteen-member board appointed solely by private industry. "This is legislative delegation in its most obnoxious form; for it is not even delegation to an official or an official body, presumably disinterested, but to private persons whose interests may be and often are adverse to the interests of others in the same business." *Leathers*, 338 Ark. at 430, 994 S.W.2d at 484.

The power conferred upon the majority is, in effect, the power to regulate the affairs of an unwilling minority. *Leathers*, 338 Ark. at 430, 994 S.W.2d at 484 (citing *Carter v. Carter Coal Co.*, 298 U.S. 238 (1936)). We have held that in Arkansas, legislative powers cannot be delegated, even to other branches of state government, except within "certain limits." *Id.*

Similar cases from other states have held that private entities may not appoint members to a governmental board without offending the constitution as it is an unconstitutional delegation of legislative power to a nongovernmental entity. *Delay v.*

4

*Sutton*, 818 S.E.2d 659, 661–62 (Ga. 2018) (citing *Rogers v. Medical Ass'n of Ga.*, 259 S.E.2d 85, 87 (Ga. 1979) (it is an unconstitutional delegation of legislative appointment power when private industry has the exclusive right to nominate board members because it places power in private organizations that are not accountable to the people as required by the constitution)); *Gamel v. Veterans Memorial Auditorium Comm'n*, 272 N.W.2d 472, 476 (Iowa 1978) ("[P]rivate individuals cannot be empowered to select boards to spend public funds, no matter how well qualified they may be."); *Hetherington v. McHale*, 329 A.2d 250, 253 (Pa. 1974) ("A fundamental precept of the democratic form of government imbedded in our Constitution is that people are to be governed only by their elected representatives."); and *Sedlak v. Dick*, 887 P.2d 1119 (Kan. 1995) (provision requiring selection of Workers Compensation Board members by committee consisting of representatives chosen by labor union and business association was unconstitutional delegation of legislative power to private organizations notwithstanding government oversight).

Thus, we hold that the circuit court erred in ruling that Arkansas Code Annotated section 2-16-206(a) is constitutional. In a case where there is an unconstitutional delegation of legislative power to a private entity, there can only be one remedy—the removal of unconstitutionally appointed board members. Accordingly, we reverse and remand with specific instructions for the circuit court to remove the unconstitutionally appointed Board members.

Reversed and remanded with instructions.

BAKER, J., dissents

5

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority opinion for the reasons explained in my opinion in *Arkansas State Plant Board v. McCarty*, 2019 Ark. 214, at 8, 576 S.W.3d 473, 477 (Baker, J., concurring in part; dissenting in part), and would affirm the circuit court.

*ARK AG LAW, PLLC*, by: *J. Grant Ballard*; and *Davidson Law Firm*, by: *David L. Gershner*, for appellants.

*Leslie Rutledge*, Att'y Gen., by: *Jennifer L. Merritt*, Sr. Ass't Att'y Gen., for appellees.