Cite as 2022 Ark. App. 113

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-21-180

| | |
|---|---|
| RAZORBACK RIDES, LLC<br><br>APPELLANT<br><br>V.<br><br>MARY BIRDSONG AND NORM FARNUM<br><br>APPELLEES | Opinion Delivered March 9, 2022<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT<br>[NO. 05CV-13-226]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>AFFIRMED |

### BRANDON J. HARRISON, Chief Judge

We pick up this dispute at the 2016 second amended complaint filed by Razorback Rides, LLC. In that operative complaint, Razorback alleged that it had performed "major upgrades" on two vehicles–"The Kookie Monster" a/k/a "The Hauler" (a 1932 roadster) and "Blackie" (a pickup truck)–in 2007 and 2010. Razorback claimed that the man who solicited the improvements, Norm Grabowski, died in October 2012 "without delivering the promised compensation for The Hauler or for Blackie." Razorback's second amended complaint also alleges:

> To the extent that Defendants obtained benefits from LSI[1] from assets whose value were enhanced by Plaintiff without compensation, Defendants will be unjustly enriched. This Court should impose a constructive trust upon

---

[1]Razorback alleges that Grabowski was the settlor of an irrevocable trust named LSI. The circuit court was not, however, provided proof that any express trust named LSI exists.

Defendants for all benefits received by Defendants from LSI until such time as Plaintiff has been fully compensated for its labor.

Attached to the second amended complaint as exhibit A is a 6 October 2010 invoice from Razorback to Norman D. Grabowski for work Razorback performed (June 2007 to August 2010).

Appellees Mary Birdsong and Norm Farnum twice moved to dismiss the case against them because, in their view, Razorback failed to state a claim under Arkansas Rule of Civil Procedure 12(b)(6) (2021). They argued, among other things, that Razorback had pleaded a contract claim and that unjust enrichment "cannot be invoked in matters of contract." They also answered Razorback's second amended complaint and raised estoppel, waiver, laches, and statute of limitations as defenses.

During an August 2020 motions hearing, Birdsong and Farnum argued to the circuit court that Razorback's claim was as a creditor of Grabowski's estate; and the probate code barred its claim. Razorback's counsel said, "Well, that would be if we wanted a contract claim, but this claim arises in constructive trust. We don't want a contract claim." Birdsong and Farnum also argued that a three-year statute of limitations barred Razorback's contract claim. Razorback again maintained that it did not plead a breach-of-contract claim; it pleaded a claim for unjust enrichment, and "[t]here is no statute of limitations for unjust enrichment." Razorback told the circuit court that "there is no statute of limitations here. It's just a matter of laches."

2

In February 2021, the court entered a final order that dismissed Razorback's second amended complaint with prejudice. Simply put, the court held that Razorback's complaint did not allege any actionable basis for unjust enrichment and was based on a contract. The written order states in part:

> To be clear, the court is ruling that Razorback's cause of action is based on an express contract and, under the facts alleged in this case, the law will not imply a quasi- or constructive trust. For this reason, Razorback's complaint fails to state facts upon which relief can be granted against Birdsong and Farnum and, as to them, should be, and hereby is, dismissed. . . . Razorback is trying to enforce nonpayment of a debt Grabowski allegedly owed to Razorback. The mere failure to pay a debt will not give rise to a constructive trust. 90 C.J.S. Trusts § 182; *McKey v. Paradise*, 200 U.S. 119 (1936). For this reason also, Razorback's second amended complaint fails to state facts upon which relief can be granted against separate defendants Mary Birdsong and Norm Farnum and the complaint against them should be, and hereby is, dismissed. (footnote omitted).
>
> . . . .
>
> Birdsong and Farnum have also moved to dismiss for failure to join a necessary party. The court ordered that LSI be made a party to this action. The Plaintiffs have failed to join LSI. Therefore, Birdsong and Farnum's motion to dismiss for failure to join a necessary party should be, and hereby is, granted.

Here, Razorback argues that the circuit court erred as a matter of law when it held that the second amended complaint failed to state facts upon which relief could be granted. Razorback asserts that its complaint stated a claim for unjust enrichment, and there is no statute of limitations for a constructive trust, which is the remedy it sought. It also says the circuit court erred as a matter of law when it held that LSI, an irrevocable trust, was a necessary party to the action.

As to Razorback's first point, it has failed to state facts upon which relief could be granted. According to Arkansas Rule of Civil Procedure 8(a)(1), a pleading that sets forth a claim for relief must contain a statement in ordinary and concise language of facts showing that the pleader is entitled to relief. Only facts alleged in the complaint are treated as true, not a plaintiff's theories, speculation, or statutory interpretation. *Ark. St. Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. As a result, a complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Quinn v. O'Brien*, 2020 Ark. App. 83, 596 S.W.3d 20. We will look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.*

Here, the circuit court found that an oral breach-of-contract claim was raised in the second amended complaint as the result of an (oral) agreement for services between Grabowski and Razorback. (Paragraphs 8 through 16, for example, speak in terms of "agreements," and "promises" "in exchange" for this and that, and "reliance upon the promises of Norm Grabowski," etc.) Moreover, that complaint asked that the appellees be made to pay Razorback $51,795.34 in consideration for services rendered to Grabowski. Razorback, because of its delayed enforcement of an oral contract with Grabowski, cannot morph its dispute into something that it is not. Because the second amended complaint alleged that a valid legal contract existed, Razorback has failed to state a claim for restitution or unjust enrichment.

Regarding Razorback's second point, we do not need to decide whether LSI was a necessary party to the case because Razorback has failed to state a claim against any potential defendant. What form a potential defendant might take does not matter in this case.

The circuit court's judgement is wholly affirmed.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Davis Law Firm*, by: *Steven B. Davis*, for appellant.

*Jeremy B. Lowrey*, for appellees.