Cite as 2021 Ark. 99
# SUPREME COURT OF ARKANSAS
No. CV-20-637

|  |  |
|---|---|
| ROBERT STEINBUCH<br>        APPELLANT/CROSS-APPELLEE<br><br>V.<br><br>UNIVERSITY OF ARKANSAS A/K/A<br>UNIVERSITY OF ARKANSAS-LITTLE<br>ROCK; THE TRUSTEES OF THE<br>UNIVERSITY OF ARKANSAS;<br>MICHAEL SCHWARTZ, IN HIS<br>OFFICIAL AND PERSONAL<br>CAPACITY; THERESA BEINER, IN HER<br>OFFICIAL AND PERSONAL<br>CAPACITY; JOANN MAXEY, IN HER<br>OFFICIAL CAPACITY; JOHN M.A.<br>DIPIPPA, IN HIS OFFICIAL CAPACITY;<br>AND VELMER BURTON, IN HIS<br>OFFICIAL CAPACITY<br>        APPELLEES/CROSS-APPELLANTS | Opinion Delivered: April 29, 2021<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT, SIXTH<br>DIVISION [NO. 60CV-15-5690]<br><br>HONORABLE TIMOTHY DAVIS FOX,<br>JUDGE<br><br><br><br><br><br><br><br><br>REMANDED WITH INSTRUCTIONS. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Robert Steinbuch appeals the Pulaski County Circuit Court's order

denying his motion to waive record fees in Case No. 60CV-15-5690. Appellees are the

University of Arkansas a/k/a University of Arkansas–Little Rock (UALR), the Trustees of

the University of Arkansas, Michael Schwartz in his official and personal capacity, Theresa

Beiner in her official and personal capacity, JoAnn Maxey in her official capacity, John M.A.

DiPippa in his official capacity, and Velmer Burton in his official capacity. On appeal, Steinbuch argues (1) the Pulaski County Circuit Clerk's fee for preparing the record in Case No. 60CV-15-5690 violated the fee schedule prescribed by Arkansas Code Annotated section 21-6-402(b) (Repl. 2016), (2) the fees prescribed by statute do not apply when an electronic record is requested, and (3) the compilation of an electronic record is a ministerial act; therefore, the assessment of fees prescribed by statute would be excessive and in violation of due process. We are unable to reach the merits of this case and remand the matter to the circuit court to join the circuit clerk as an indispensable party. We also direct the circuit court to conduct a hearing on Steinbuch's motion and enter an order containing findings of fact.

This appeal stems from a dispute between Steinbuch, a professor in the UALR system, and appellees regarding a 2015 Freedom of Information Act (FOIA) request made by Steinbuch. On November 17, 2015, Steinbuch filed a complaint in Case No. 60CV-15-5690 in the Pulaski County Circuit Court alleging FOIA violations against UALR. In 2018, the circuit court dismissed Steinbuch's FOIA claim with prejudice because the parties had reached a settlement on that claim. On January 2, 2020, Steinbuch filed a motion to set aside the circuit court's dismissal order on the grounds that appellees had violated the negotiated settlement. The motion was denied by written order on February 18, and Steinbuch filed a motion for reconsideration on February 26, which was denied on April 17. Steinbuch filed his notice of appeal on May 13 and amended notice of appeal on May 26. In his amended notice, Steinbuch requested an electronic record under this court's pilot

program. *See In re Acceptance of Records on Appeal in Elec. Format*, 2019 Ark. 213 (per curiam). Steinbuch's appeal of the circuit court's order was ultimately dismissed in Case No. CV-20-495 following this court's denial of Steinbuch's motion to file a belated appeal on September 10.

In connection with his appeal of the order denying the motion to set aside, Steinbuch filed a motion to waive record fees on June 8, 2020, after receiving an $800 invoice from the circuit clerk for preparing the record.[1] He argued the fee assessed by the circuit clerk contravened applicable state law. The circuit court denied the motion on July 23 without making any findings. Steinbuch subsequently filed a motion for reconsideration and for findings of fact and conclusions of law on August 5. On August 11, Steinbuch filed a notice of appeal and an amended notice of appeal on September 3, appealing the circuit court's July 23 order. Steinbuch asserted this court's jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(a)(1). The circuit court denied the motion for reconsideration on September 24, also without findings.

Steinbuch filed his brief in the instant appeal on December 22, 2020. In his brief, Steinbuch again challenges the legality of the $834.80 fee charged by the circuit clerk for compiling the record on appeal in Case No. 60CV-15-5690. Appellees' counsel subsequently filed a letter of appellees' intent not to file a brief in the matter, stating that appellees have

---

[1]The circuit clerk's invoice was not included in the record for the instant appeal. A review of the record tendered in Case No. CV-20-495 indicates Steinbuch was charged a total of $834.80 for compilation of the pleadings.

no interest in the fees charged to Steinbuch and took no position during the proceedings below.

Arkansas Rule of Civil Procedure 19 provides in pertinent part: "A person who is subject to service of process shall be joined as a party in the action if . . . in his absence complete relief cannot be accorded among those already parties" and if the person has not been joined, "the court shall order that he be made a party." Ark. R. Civ. P. 19(a). We have found this language indicates that a court may join an indispensable party on its own motion. *See Vibo Corp. v. State ex rel. McDaniel*, 2011 Ark. 124, 380 S.W.3d 411. Here, Steinbuch's claims concern whether the fees assessed by the circuit clerk for compiling the record violated section 21-6-402. Without the circuit clerk as a party, the circuit court cannot answer this question and grant appropriate relief, as it not apparent from the record how the clerk calculated the fee charged to Steinbuch. Accordingly, we remand this matter to the circuit court to join the circuit clerk as an indispensable party pursuant to Rule 19. After the circuit clerk has been joined, we direct the circuit court to conduct a hearing on the fees issue and enter an order making specific findings as to whether Steinbuch is entitled to relief.

Remanded with instructions.

Special Justices JAMES CROUCH and DOUG SCHRANTZ join.

WOOD and WYNNE, JJ., not participating.

*Corbitt Law Firm, PLLC*, by: *Chris P. Corbitt*, for appellant.

Appellees did not file a brief.

4