Cite as 2022 Ark. 29
# SUPREME COURT OF ARKANSAS
No. CV–21–250

| | |
|---|---|
| BAYER CROPSCIENCE, LP<br>APPELLANT<br>V.<br><br>GLEN HOOKS; MICHAEL DOUGAN; PRATT REMMELL; REED STOREY; TIM FISHER; VICTOR GRAY; BLAND CURRIE; GLADYS WHITNEY; FRANCES WILSON SHACKLEFORD; ADAM FISHER; GUY FISHER; PADEN BALL; GALE STEWART; COY'S HONEY FARM, INC.; ARKANSAS STATE PLANT BOARD, A DIVISION OF THE ARKANSAS DEPARTMENT OF AGRICULTURE; ARKANSAS STATE PLANT BOARD MEMBERS IN THEIR OFFICIAL CAPACITIES: WALTER "BRUCE" ALFORD; KYLE BALTZ; TOMMY ANDERSON; REYNOLD MEYER; DARRELL HESS; MARTY EATON; BARRY WALLS; TERRY FULLER; MARK HOPPER; BRAD KOEN; SAM STUCKEY; TERRY STEPHENSON; DR. KEN KORTH; DR. NATHAN SLATON; MATTHEW MARSH; JASON PARKS; SCOTT MILBURN; DENNIE STOKES; MARK MORGAN; OMP FARMS, LLC; OZARK MOUNTAIN POULTRY, INC.; FREEDOM TO FARM FOUNDATION, INC.; JASON MCGEE; TIM GANNON; LESLIE BROWN; HOLLIS MANKIN; FARMVOICE, INC.; TIMOTHY PIRANI; ADAM HENARD; AND JARRED HOPPER<br>APPELLEES | **Opinion Delivered:** February 10, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-17-3384]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br><u>REVERSED AND REMANDED</u>. |

**BARBARA W. WEBB, Justice**

Bayer Cropscience, LP (Bayer), appeals from an order of the Pulaski County Circuit

Court denying its motion to intervene in a lawsuit challenging a rule adopted by the

Arkansas State Plant Board (Plant Board) on May 3, 2021 (the "2021 Dicamba Rule"). On appeal, Bayer argues that the circuit court erred in denying its motion to intervene as a matter of right and, alternatively, its motion for permissive intervention. We find merit in Bayer's first point and therefore reverse and remand.

I. *Relevant Facts and Procedural History*

Bayer manufactures and sells the herbicide Dicamba. Dicamba is used in conjunction with Dicamba-resistant cotton and soybean seeds to combat Palmer amaranth, a native plant species that is commonly referred to as "pig weed." Palmer amaranth, which can grow up to ten feet in height, outcompetes row crops.

In 2017, the Environmental Protection Agency first authorized year-round use of Dicamba. Since then, Dicamba has been the subject of considerable litigation. It was established in hearings before the Plant Board that Dicamba is highly volatile and has a tendency to evaporate, go off-target, and damage other plants. *See Ark. Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. As a result, use of Dicamba has been restricted by Plant Board rule to certain times of the year and within areas surrounded by buffer zones to minimize its effect on other crops. *See, e.g.*, *id.* Bayer made certain product improvements that addressed Dicamba's tendency to vaporize and drift from the target crops. It referred to the new product as "XtendiMax with VaporGrip technology." As a result, after a hearing before the Plant Board, the 2018 Dicamba Rule was superseded by the 2021 Dicamba Rule that extended the growing season cutoff date for use from May 25 to June 30 and shrank the required buffer zones from one mile to a quarter of a mile.

On May 6, 2021, appellees filed in the Pulaski County Circuit Court a complaint

against the Plant Board and its members in their official capacities. The complaint sought declaratory judgment, asserting that in the course of adopting the 2021 Dicamba Rule, the Plant Board violated the Administrative Procedure Act (APA) in several respects. It also alleged that the Plant Board did not review "the best, reasonably obtainable scientific, technical, economic evidence and information available showing the need for, consequences of, and alternatives to the existing rule," which violated Arkansas Code Annotated section 25-15-204(a)(3) & (b)(1). The complaint also sought permanent injunctive relief that would invalidate the 2021 Dicamba Rule and reinstate the 2018 Dicamba Rule. On May 24, 2021, the circuit court, entered a temporary restraining order banning the use of Dicamba under the 2021 Dicamba Rule.

On May 24, 2021, FarmVoice, Inc., an organization of row-crop farmers who favored the use of Dicamba, moved to intervene. Two days later, Bayer likewise moved to intervene. It argued that it was entitled to intervene by right, pursuant to Arkansas Rule of Civil Procedure 24(a) and, alternatively, by permission pursuant to Rule 24(b). Bayer asserted that it had an interest in defending "its products, including their utility and efficacy, and the federal label"; "the science supporting those state and federal regulatory decisions"; its "financial interest in the continued ability of Arkansas farmers to use its products through the full period permitted by the federal label"; and its "reputational interest" in the product.

The appellees opposed Bayer's motion to intervene and denied that Bayer had any interest in the litigation. They also asserted that "under the rules and procedures contained in Ark. Code Ann. § 25-15-212, Bayer has no standing to intervene in this case" because "Bayer does not claim to be injured by 'final agency action.'" Appellees further asserted that

3

"Bayer cannot claim to be injured by final agency action as it participated in the [Plant Board] proceedings by submitting comments, and the final agency action in the form of the enactment of the dicamba rule of May 3, 2021, was favorable to Bayer." The appellees further argued that in its motion, Bayer stated its intention to respond to the "allegations that the use of dicamba herbicides will cause widespread and irreparable harm; that the best available science does not support the regulatory decisions of EPA and the Plant Board; and that Bayer will incur financial harm if the Plant Board's order is not approved," which violates Arkansas Code Annotated section 25-15-212(g) (Supp. 2021).

In denying Bayer's motion to intervene, the circuit court presumably found appellees' last argument persuasive. Citing section 25-15-212, it found that "[p]ursuant to the Arkansas Administrative Procedure Act, the June 10, 2021 proceeding shall be confined to the record established prior to the appeal, excepting testimony regarding any procedural irregularities not shown in the record." Bayer timely appealed.

II. *Intervention as a Matter of Right*

A. Standard of Review

This court review's a circuit court's statutory interpretation de novo, as it is this court's responsibility to determine what a statute means. *Douglas Companies, Inc. v. Walther*, 2020 Ark. 365, 609 S.W.3d 397. Likewise, denial of a motion to intervene as a matter of right is reviewed de novo. *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 8–9, 461 S.W.3d 317, 323. In *Cherokee Nation Businesses, LLC v. Gulfside Casino Partnership*, 2021 Ark. 17, 614 S.W.3d 811, we held that if a putative intervenor satisfies the requirements for intervention as of right specified by Arkansas Rule of Civil Procedure

24(a)(2), the circuit court cannot deny the motion to intervene. Apart from the threshold timeliness requirement, Rule 24(a)(2) establishes three requirements for intervention of right: (1) the applicant must have a recognized interest in the subject matter of the primary litigation; (2) the applicant's interest might be impaired by the disposition of the suit; and (3) the applicant's interest is not adequately represented by existing parties. *See Bass*, 2015 Ark. 178, at 14, 461 S.W.3d at 326.

## B. Argument

We first consider Bayer's contention that, in denying its motion to intervene, the circuit court relied on an inapplicable section of the APA rather than Rule 24. As noted previously, the circuit court based its decision to deny intervention on section 25-15-212(g). It notes that the instant litigation challenges an agency rulemaking, whereas section 25-15-212 applies only to appeals of agency adjudications. *See* Ark. Code Ann. § 25-15-212(a) ("In cases of adjudication, any person . . . who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter."). Bayer contends that an adjudication is "an agency process for the formulation of an order." Ark. Code Ann. § 25-15-202(1)(A). Further, an order is "the final disposition of an agency in any matter other than rulemaking." Ark. Code Ann. § 25-15-202(6). Bayer asserts that appellees challenge a rulemaking, not an adjudication, which means that their complaint is brought under section 25-15-207—not section 25-15-212. It asserts that section 25-15-207 does not limit review to the agency record. Thus, the circuit court erred in holding that section 25-15-212(g) applies to this litigation and prevents Bayer's intervention. We find this argument compelling.

While both judicial review of adjudications and declaratory judgments are provided for under the APA, the scope and relevant procedures are not interchangeable. As provided in section 25-15-212(h),

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the agency's statutory authority;
> (3) Made upon unlawful procedure;
> (4) Affected by other error or law;
> (5) Not supported by substantial evidence of record; or
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

By comparison, under section 25-15-207 of the APA,, the purpose of declaratory judgment serves a much different purpose:

> The validity or applicability of a rule may be determined in an action for declaratory judgment if it is alleged that the rule, or its threatened application, injures or threatens to injure the plaintiff in his or her person, business, or property.

We hold that section 25-15-212 of the APA, does not bar the granting of circuit court clearly erred in denying Bayer's motion to intervene. based on section 25-15-212. Because we find this argument dispositive on this subpoint, we need not consider Bayer's alternative argument that even if section 25-15-212(g) does apply, it would not bar intervention.

However, our determination that the circuit court's rationale for denying Bayer's motion to intervene was incorrect does not end our inquiry. Because the APA provides no standard for intervention, Rule 24 applies. We must therefore consider whether Bayer met the requirements of Rule 24. because we will affirm if the circuit court reached the right result, even though it stated the wrong reason. *See Bushong v. Garman Co.*, 311 Ark. 228,

843 S.W.2d 807 (1992).

Bayer argues that it was entitled to intervene as a matter of right because it satisfied all the requirements stated in Arkansas Rule of Civil Procedure 24. Bayer asserts that the motion was timely; it has protectable interests in the enforcement of the agency rule at issue and in defending the federal registration and label for its low-volatility dicamba herbicide; resolution of appellees' claims could impair Bayer's interests; and none of the parties adequately represent Bayer's interests. We agree.

We first note that Bayer's motion to intervene was filed just twenty days after the appellees filed their complaint. In *McLane Co. v. Davis*, 342 Ark. 655, 659, 33 S.W.3d 473, 475 (2000), we set forth the criteria whereby we might judge timeliness: (1) how far have the proceedings progressed; (2) has there been any prejudice to other parties caused by the delay; and (3) what was the reason for the delay. *Id*. There has been no appreciable delay in Bayer's filing, and no prejudice is indicated because the circuit court entered a temporary restraining order prior to Bayer's filing.

We next consider whether Bayer has a sufficient "interest" to support a right to intervene. Our inquiry is guided by *Cherokee Nation Businesses*, *supra*. There, in our de novo review, we determined that Cherokee had a sufficient interest in the litigation based on its status as the only qualified applicant for the Pope County casino license and a contractual economic development agreement with Pope County. *Id*. And, as in the case before us, the putative intervenor had only a monetary interest in the outcome of the litigation. The rule governing the application of Dicamba directly affects the product's marketability. This analysis dovetails with the second factor enumerated in Rule 24: whether the putative

7

intervenor's interest might be impaired by the disposition of the suit. Bayer has asserted that by allowing less application time, it will sell less product and denigrate the "VaporGrip" technology, which imposes a reputational injury. We hold that the second factor has been established.

Finally, Bayer was required to show that its interest is not adequately represented by the Plant Board. We agree with Bayer that appellees' complaint directly challenges whether the Plant Board reviewed "the best, reasonably obtainable scientific, technical, economic evidence and information available showing the need for, consequences of, and alternatives to the existing rule." As both Bayer and appellees contend, much of that information was presented by Bayer. In effect, Bayer is in a position to defend the information that persuaded the Plant Board to extend the application time for Dicamba in the 2021 Dicamba Rule. As such, we hold that Bayer's interest in this area is not adequately represented by the Plant Board. Thus, we hold that the circuit court clearly erred in denying Bayer's motion to intervene. We therefore reverse the circuit court's denial of the motion to intervene and order that it allow Bayer to intervene as a matter of right. Having so held, it is not necessary to consider Bayer's alternative argument concerning permissive intervention.

Reversed and remanded.

*Brett D. Watson, Attorney at Law PLLC*, by: *Brett D. Watson*; and *Bryan Cave Leighton Paisner LLP*, by: *A. Elizabeth Blackwell* and *Stefani L. Wittenauer*, for appellant.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.