Cite as 2023 Ark. 163

# SUPREME COURT OF ARKANSAS

**No.** CV-23-51

| | |
|---|---|
| ROBERT STEINBUCH<br><br>APPELLANT<br><br>V.<br><br>UNIVERSITY OF ARKANSAS A/K/A UNIVERSITY OF ARKANSAS-LITTLE ROCK; THE TRUSTEES OF THE UNIVERSITY OF ARKANSAS; MICHAEL SCHWARTZ, IN HIS OFFICIAL AND PERSONAL CAPACITY; THERESA BEINER, IN HER OFFICIAL AND PERSONAL CAPACITY; JOANN MAXEY, IN HER OFFICIAL CAPACITY; JOHN M.A. DIPIPPA, IN HIS OFFICIAL CAPACITY; VELMER BURTON, IN HIS OFFICIAL CAPACITY; AND TERRI HOLLINGSWORTH, IN HER OFFICIAL CAPACITY AS PULASKI COUNTY CLERK<br><br>APPELLEES | **Opinion Delivered:** November 9, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-15-5690]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

Appellant Robert Steinbuch appeals the Pulaski County Circuit Court's order denying his motion for order to waive record fees in a Freedom of Information Act (FOIA) lawsuit against the University of Arkansas at Little Rock (UALR). For reversal, Steinbuch argues the Pulaski County Circuit Clerk's fee for preparing the record in Case No. 60CV-15-5690 violated Arkansas law. We affirm.

This matter stems from a FOIA action brought by Steinbuch, a law professor at UALR, against the University. In 2015, Steinbuch filed a complaint in Case No. 60CV-

15-5690 in the Pulaski County Circuit Court, alleging FOIA violations against UALR. In 2018, the circuit court dismissed the FOIA claim with prejudice because the parties had reached a settlement on that claim. Steinbuch later moved to set aside the 2018 order on the grounds that the University had violated the negotiated settlement. The circuit court denied the motion, and Steinbuch attempted to appeal. That appeal was ultimately dismissed in Case No. CV-20-495 following this court's denial of Steinbuch's motion to file a belated appeal.

With respect to his appeal of the order denying the motion to set aside, Steinbuch filed a motion to waive record fees wherein he alleged Pulaski County Circuit Clerk Terry Hollingsworth had sent an $800 invoice for preparation of the record. He argued the fee assessed by Hollingsworth violated Arkansas law. The circuit court denied the motion without making any findings, and Steinbuch appealed. We did not address the merits of Steinbuch's claims but instead remanded with instructions to join Hollingsworth as an indispensable party pursuant to Arkansas Rule of Civil Procedure 19, conduct a hearing on the record-fees issue, and enter an order containing findings of fact. *Steinbuch v. Univ. of Ark.*, 2021 Ark. 99, at 4.

Steinbuch subsequently filed a second motion in the circuit court to waive record fees. Hollingsworth was added as a party and filed an answer and response to the motion. The circuit court denied the motion to waive record fees, treating it as a third–party complaint. The order was again without findings. Steinbuch filed a timely appeal, which this court dismissed. *Steinbuch v. Univ. of Ark.*, 2022 Ark. 74, at 7. We concluded that the circuit court's order was a not a final, appealable order because the circuit court had not yet acted on our mandate's directive to conduct a hearing and enter specific findings. *Id.*

2

Thereafter, Hollingsworth undertook discovery in the form of interrogatories and requests for production to determine the basis for Steinbuch's allegations. Based on evidence produced during discovery, Hollingsworth moved for summary judgment, asserting, in part, that the clerk's office had not prepared any record or transcript for Case No. 60CV-15-5690.

The circuit court held a hearing on the motion to waive record fees pursuant to this court's mandate. At the hearing, Steinbuch did not present any testimony or evidence. Hollingsworth entered five exhibits into evidence. After taking the matter under advisement, the circuit court entered an order containing findings of facts and conclusions of law. The circuit court denied the motion to waive record fees, finding that the fee for preparing the record was lawful under Arkansas Code Annotated section 21-6-402 (Repl. 2022). The circuit court also denied Hollingsworth's motion for summary judgment. Steinbuch now appeals.

We first address Hollingsworth's contention that no justiciable controversy exists between the parties. She contends Steinbuch never requested and never received a copy of the record at issue from the circuit clerk's office. Rather, Steinbuch made arrangements with the court reporter for the record.

Whether a justiciable controversy exists is reviewed de novo on appeal. *See Thurston v. Safe Surgery Ark.*, 2021 Ark. 55, at 11, 619 S.W.3d 1, 9. A justiciable controversy is one in which a claim of right is asserted against one who has an interest in contesting it. *Palade v. Bd. of Trs. of the Univ. of Ark. Sys.*, 2022 Ark. 119, at 7, 645 S.W.3d 1, 5.

In this appeal, Steinbuch complains of an invoice from the circuit clerk for $834.80 for preparation of the record in connection with his appeal of the motion to set aside.[1] The record for this appeal, however, reveals (1) that Steinbuch made arrangements with court reporter Denise Mack for the record; (2) that Mack prepared the record; (3) that Mack sent an invoice of $834.80; and (4) that all payments for the record were made to Mack. Steinbuch himself acknowledged that he did not request a copy of the record from the circuit clerk. He admitted he requested a copy of the record from the court reporter and paid her for it.

Moreover, Mack is not an employee of the Pulaski County Circuit Clerk's Office. *Compare* Ark. Code Ann. § 16-13-501(a) (Repl. 2010 & Supp. 2023) ("The official court reporters of the circuit courts in this state are employees of the State of Arkansas."), *with* Ark. Code Ann. § 14-14-1204(a) (Repl. 2013 & Supp. 2023) (listing the circuit clerk as a county officer). And Deputy Circuit Clerk Marc Harrison explained in an affidavit that Mack is not authorized to sign or accept payment on behalf of the circuit clerk's office. Harrison also stated that any record prepared by Mack would have been done without his office's authorization or knowledge.

In response, Steinbuch asserts that he did not choose to join Hollingsworth as a party; rather, it was this court that ordered her inclusion. This court ordered that Hollingsworth be joined as an indispensable party based on Steinbuch's representations that Hollingsworth

---

[1]In both his motion to waive record fees and his briefs, Steinbuch also refers to an $800 invoice from the circuit clerk for preparation of the record. A review of the supplemental record for this appeal indicates he was charged $834.80 for the record in Case No. 60CV–15–5690.

4

misapplied the law and miscalculated the fees for preparation of the record. Those representations turned out to be false.

It is apparent from the record that it was the court reporter who charged Steinbuch for preparing the record for his appeal in Case No. 60CV-15-5690. Steinbuch does not provide any evidence to substantiate his claim that the circuit clerk charged him $834.80 for the record. As Steinbuch fails to set forth any convincing argument in support of this claim, we decline to further consider the merits of his arguments. *Anderson v. Hobbs*, 2013 Ark. 354, at 2–3.

Because the circuit clerk has no interest in contesting the fees assessed by the court reporter, we conclude there is no justiciable controversy in this case. *Palade*, 2022 Ark. 119, at 7, 645 S.W.3d at 5. Although the circuit court ruled on the merits of Steinbuch's arguments, we may still affirm if the lower court reached the right result, albeit for the wrong reason. *Bayer Cropscience, LP v. Hooks*, 2022 Ark. 29, at 7, 638 S.W.3d 274, 279. Therefore, we hold that while it did so for the wrong reasons, the circuit court correctly denied Steinbuch's motion to waive record fees.

Affirmed.

Special Justice OLAN REEVES joins.

WOOD, J., not participating.

*Corbitt Law Firm, PLLC*, by: *Chris P. Corbitt*, for appellant.

*Adam Fogleman*, *Veletta Smith*, *Frank W. Jenner*, and *Dominique Lane*, Pulaski County Attorney's Office, for appellee Terri Hollingsworth.