Cite as 2024 Ark. 50

# SUPREME COURT OF ARKANSAS
**No.** CV–22–739

|  |  |
|---|---|
| BENNETT SCOTT "STORM" NOLAN II AND RIVER VALLEY PRODUCTION, LLC, D/B/A RIVER VALLEY RELIEF CULTIVATION<br><br>APPELLANTS<br><br>V.<br><br>2600 HOLDINGS, LLC D/B/A SOUTHERN ROOTS CULTIVATION, ET AL.<br><br>APPELLEES | **Opinion Delivered:** April 11, 2024<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CV-21-582]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br>REVERSED AND REMANDED; SUMMARY-JUDGMENT ORDER VACATED. |

**RHONDA K. WOOD, Associate Justice**

2600 Holdings, LLC, one of the appellees[1] and an unsuccessful applicant for a cultivation license, petitioned the circuit court for relief mainly to require the Arkansas Medical Marijuana Commission to strip Bennett Scott "Storm" Nolan II of his cultivation license. The State and Nolan claimed that Nolan was an indispensable party under Rule 19(a) of the Arkansas Rules of Civil Procedure. Appellant Nolan filed multiple motions seeking joinder under Rule 19 and intervention under Rule 24 as well as a motion for a

---

[1] 2600 Holdings, LLC, d/b/a Southern Roots Cultivation is an appellee and was the original plaintiff. Nolan also named Arkansas Department of Finance and Administration; Arkansas Alcoholic Beverage Control Division; and Arkansas Medical Marijuana Commission as appellees in his notice of appeal. Yet, they were defendants at the circuit court level and have not participated in this appeal.

new trial. The circuit court denied Nolan's motions and ultimately granted summary judgment for 2600 Holdings. Nolan appeals. Because we find that Nolan was an indispensable party under Rule 19(a)(2), we reverse and remand. We vacate the November 3, 2022 order granting summary judgment to 2600 Holdings because it was entered without Nolan, an indispensable party. We thus do not address his remaining issues as they are now moot.

I. *Factual Background & Procedural History*

This case is one of many arising from the medical marijuana licensing process that followed the passage of Amendment 98, several of which have surrounded the Commission's decision to grant a license to Nolan.[2] The Commission is authorized under Amendment 98 to issue between four and eight cultivation licenses. Ark. Const. amend. 98, § 8(j). The Commission issued Nolan a license in 2020.

In early 2021, 2600 Holdings filed suit against the Commission, the Arkansas Department of Finance and Administration, and the Arkansas Alcoholic Beverage Control Division (collectively, "State"). In its amended complaint, 2600 Holdings mainly alleged that Nolan's application did not comply with the minimum merit selection criteria and that

---

[2]*See, e.g., Osage Creek Cultivation, LLC v. Ark. Dep't of Fin. & Admin.*, 2023 Ark. 47, 660 S.W.3d 843 (concerning the Nolan license); *Ark. Dep't of Fin. & Admin v. 2600 Holdings, LLC*, 2022 Ark. 140, 646 S.W.3d 99 (involving the interlocutory appeal in the present case); *Ark. Dep't of Fin. & Admin. v. Carroll Cnty. Holdings, Inc.*, 2022 Ark. 128, 644 S.W.3d 405; *Ark. Dep't of Fin. & Admin. v. Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, 601 S.W.3d 111; *Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC*, 2018 Ark. 224, 549 S.W.3d 901.

2

the Commission violated its own rules and the Arkansas Constitution when it awarded Nolan a license.

Nolan was not named as a defendant, nor was he joined as a party in the suit. The complaint sought a declaratory judgment and a writ of mandamus ordering the Commission to strip Nolan of the license and award it to the next highest scoring applicant from the reserve pool. The State moved to dismiss, arguing that the suit was barred by sovereign immunity and that 2600 Holdings had failed to include Nolan, who was an indispensable party. The circuit court denied the motion to dismiss, and the State brought an interlocutory appeal. We affirmed in part and dismissed in part. *Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, 646 S.W.3d 99. We dismissed the claim for declaratory judgment, holding that 2600 Holdings "failed to plead that the State's actions [were] illegal or unconstitutional," and thus the declaratory-judgment claim was barred by sovereign immunity. *Id.* at 7–8, 646 S.W.3d at 103–04. Yet we found that sovereign immunity did not preclude the petition for writ of mandamus. *Id.* at 5, 646 S.W.3d at 102.

On October 25, 2022, 2600 Holdings moved for summary judgment and to expedite the briefing schedule. The circuit court granted the motion to expedite and ordered the State to file a response by October 31. The Attorney General's Office, which had been representing the State, moved to withdraw as counsel because "recent disagreements by the Defendants regarding the best course of action in this case" had given rise to "an unwaivable conflict of interest." The circuit court denied the motion to withdraw. The State then filed a response to summary judgment and opposed it on multiple grounds, one being that Nolan was an indispensable party required to be joined under Rule 19.

On the same day the State filed its response, Nolan moved to enter the case as a party. Nolan styled this motion as a "motion to intervene" but mainly argued that he was an indispensable party under Rule 19(a). The circuit court denied Nolan's motion and the following day it granted 2600 Holdings' motion for summary judgment. The circuit court found that in awarding the license to Nolan, the Commission exceeded its discretion, did not act within its ministerial duty, and violated the Arkansas Constitution and its own rules.

Nolan filed a second motion, arguing his right to participate as a party under both Rule 19 and Rule 24 as well as a motion for a new trial. The circuit court also denied these motions. Nolan appeals. The State did not appeal the grant of summary judgment.

II. *Jurisdiction and Standard of Review*

Orders that, in effect, determine the action and prevent a judgment from which an appeal might be taken are appealable. Ark. R. App. P.-Civ. 2(a)(2); s*ee also Duffield v. Benton Cnty. Stone Co., Inc.*, 369 Ark. 314, 316, 254 S.W.3d 726, 728 (2007). Because this case was previously before this court, as a subsequent appeal we have jurisdiction under Arkansas Supreme Court Rule 1-2(a)(7). We review the circuit court's interpretation of our rules de novo. *JurisDictionUSA, Inc. v. Loislaw.com, Inc.*, 357 Ark. 403, 409, 183 S.W.3d 560, 564 (2004). We have explained in the context of intervention that a circuit court's decision to allow a party to intervene as a matter of right is reviewed de novo, but the circuit court's decision on timeliness will not be reversed absent an abuse of discretion. *Compare Fort Smith Sch. Dist. v. Deer/Mt. Judea Sch. Dist.*, 2014 Ark. 486, at 6, 450 S.W.3d 239, 243 (explaining timeliness standard), *with Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 8–9, 461 S.W.3d 317, 323 (establishing the de novo standard for the factors on intervention

4

as a matter of right).  In the context of joinder under Rule 19(a), this court likewise has not given discretion to the circuit court as the rule requires an indispensable party "shall be joined." *See, e.g.*, *Stone v. Washington Reg'l Med. Ctr.*, 2017 Ark. 90, at 11, 515 S.W.3d 104, 111.

### III. *Rule 19*

We begin with Nolan's third point on appeal because it is dispositive. Nolan argues that the circuit court erred when it denied his motion to join as an indispensable party under Rule 19(a) of the Arkansas Rules of Civil Procedure. Rule 19 governs the mandatory joinder of parties to a civil suit, where they are needed for a "just adjudication" of the controversy before the court. Rule 19(a) states:

> A person . . . *shall be joined* as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, *or* (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, *or* (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court *shall* order that he be made a party.

(Emphasis added.)

The purpose underlying the rule is to ensure that "all persons . . .  who will be necessarily and materially affected by its result" shall "be made parties to an action." *Smith v. Moore*, 49 Ark. 100, 103, 4 S.W. 282, 283 (1887) (interpreting a predecessor of Rules 19 and 24); *see also Morgan v. Turner*, 2010 Ark. 245, at 14, 368 S.W.3d 888, 897 ("[W]hen a plaintiff fails to join an indispensable party, the court should order that the indispensable party be joined.").

5

2600 Holdings contends we cannot consider this because Rule 19 can be argued only by the parties. But we have noted that Rule 19, like its counterpart in the Federal Rules of Civil Procedure, "does not condition [the] authority [to join an indispensable party] on a motion by a party" but instead "appears to authorize the joinder of indispensable parties by the courts sua sponte." *Vibo Corp., Inc. v. State ex rel. McDaniel*, 2011 Ark. 124, at 27, 380 S.W.3d 411, 428. This court was emphatic enough about the issue to reverse and remand for the circuit court to consider joinder of indispensable parties "though General Tobacco did not preserve the issue of indispensable parties for our review." *Id.* at 28, 380 S.W.3d at 428. We have consistently recognized the importance of joinder of indispensable parties by the circuit courts. *See, e.g.*, *Ark. State Med. Bd. v. Bolding*, 324 Ark. 238, 242, 920 S.W.2d 825, 827 (1996); *Arnold v. Spears*, 343 Ark. 517, 524–25, 36 S.W.3d 346, 350 (2001); *see also State ex rel. Robinson v. Craighead Cnty. Bd of Election Comm'rs,* 300 Ark. 405, 412, 779 S.W.2d (1969) ("When a mandamus action is brought in a case such as this, courts will have to see that all necessary parties are joined under ARCP Rule 19.").

Even so, joinder under Rule 19(a) was squarely before the circuit court. The State first raised it in its motion to dismiss. The State raised the issue a second time in its response to summary judgment, which, notably, was filed the same day that Nolan filed his first motion seeking to be made a party. There is no question that the circuit court had the issue of joinder properly before it by a party, and by Nolan, but also had its own duty to consider the issue.

2600 Holdings next argues that Nolan cannot appeal from the denial of another party's request for relief. But again, while Nolan's motion was titled as one for intervention,

6

the substance of it argued Rule 19(a) and that he was an indispensable party. And it was Nolan's motion that the court denied, and he is appealing that decision. In its order, the circuit court directly addressed joinder and Nolan's request. We find Nolan is appealing from that denial and we can consider the issue on appeal.

The circuit court erred in its November 2 order denying Nolan's motion in which he sought to be made a party. The circuit court stated that Rule 19(a) "requires mandatory joinder of a non-party litigant if relief cannot be accorded without him, *and* if a disposition in his absence may impair his ability to protect that interest or leave a party with inconsistent obligations by reason of his claimed interest." (Emphasis added.) This was wrong. The "and" is an "or" in the rule. *See* Ark. R. Civ. P. 19(a). The circuit court misinterpreted the rule by reading it to mean that both conditions are required. Thus, the court focused on whether it had the ability to enter the writ of mandamus without making Nolan a party rather than whether entering the writ would impair Nolan's ability to protect his interests.

Additionally, we find that the relief sought by 2600 Holdings would impair Nolan's ability to protect his interests. The circuit court's next step granting summary judgment and the State's decision to not appeal resulted in what was, essentially, a court order for the Commission to revoke Nolan's license. Nolan has paid licensing fees to the State and has invested millions in a cultivation facility.

Whether 2600 Holdings is ultimately correct in its allegations and legal attack on the Commission's decision to grant Nolan a license is not before us. But Rule 19(a) requires that Nolan be joined as an indispensable party. We find that the circuit court erred as a

matter of law in not joining Nolan as an indispensable party to the litigation.[3] Because the November 3, 2022 order that granted summary judgment for 2600 Holdings was entered without Nolan as an indispensable party, it is vacated. We do not address Nolan's remaining arguments on appeal because they are now moot.

Reversed and remanded; summary-judgment order vacated.

WEBB, J., concurs.

BAKER and WOMACK, JJ., dissent.

**BARBARA W. WEBB, Justice, concurring.** I agree that this case should be reversed. However, the dispositive issue in this appeal is whether the circuit court erred in denying Nolan's motion to intervene or otherwise participate in the proceeding that effectively ordered Alcoholic Beverage Control (ABC) to revoke Nolan's marijuana cultivation license.

The procedural history is more complex than the majority opinion suggests. After this court ruled on an interlocutory appeal of the denial of summary judgment, ultimately holding that sovereign immunity did not apply to a petition for a writ of mandamus, the case was remanded to the circuit court for further proceedings. *Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, at 6, 646 S.W.3d 99, 103. The mandate issued on July 6, 2022. On October 25, 2600 Holdings filed a 938-page motion for summary

---

[3]The concurrence repeatedly mentions that we did not analyze the circuit court's findings of facts or its decision. This was deliberate based on the standard of review. It perhaps conflates permissible intervention with mandatory joinder. Again, mandatory joinder is reviewed de novo and we give no discretion to the circuit court and review is not for an abuse of discretion. The error was as a matter of law. *See supra* section II for fulsome analysis of the varying standards of review. While the concurrence analyzes intervention, we analyze joinder and the court's November 2 order.

judgment and a motion to shorten the briefing schedule and for expedited ruling. Two days later, the circuit court entered an order shortening the briefing period and ordered the State to respond to the motion for summary judgment by October 31, providing a total of six days for a response to be filed. That same day, the Attorney General filed a motion to withdraw as counsel due to a conflict of interest and requested that the circuit court stay briefing on summary judgment.

On October 31, Storm Nolan moved to intervene and to oppose 2600 Holdings' motion for summary judgment. Appended to Nolan's motion as an exhibit is his proposed answer to 2600 Holdings' amended complaint. Nolan's proposed answer questioned whether the circuit court had subject-matter jurisdiction, and Nolan and River Valley maintained that (1) they were necessary and indispensable parties to the action and had not been joined, (2) mandamus was not the proper writ, and (3) citizen parties seeking to correct an agency decision were obliged to seek certiorari within thirty days of the protested act.

The State filed a response to the motion for summary judgment on October 31. The State did not address the issues raised by Nolan and River Valley. On November 1, without a hearing, the circuit court denied the Attorney General's motion to withdraw. On November 2, the circuit court denied Nolan's motion to intervene without a hearing. The circuit court recognized in its order denying intervention that 2600 Holdings was seeking a writ of mandamus "directing the [State] to void a cultivation facility license and permit held, respectively, by non-parties [Nolan and River Valley.]"

In its order, the circuit court noted that Rule 19(a) of the Arkansas Rules of Civil Procedure requires mandatory joinder of a nonparty litigant if relief cannot be accorded

9

without him, and a disposition in his absence may impair that interest or leave a party with inconsistent obligations by reason of his claimed interest. The circuit court went on to find that Nolan "had not shown that these circumstances exist." It reasoned that "relief can clearly be accorded to the Plaintiff in [Nolan's] absence [w]ere he involved or not." Essentially, the circuit court acknowledged that the writ of mandamus was directed at government entities and not at Nolan or River Valley.

The circuit court further found that "joinder of Mr. Nolan is not feasible and that according to the factors in Rule 19(b), the action should proceed among the parties before it. A judgment rendered in his absence would be no more prejudicial than a judgment entered with his participation as an active party. Focusing on the disposition, the circuit court stated that "the relief to be granted would be a mandamus or no mandamus, with or without his presence." Apparently, the circuit court's focus was on whether granting the writ of mandamus would result in Nolan, as opposed to the State actors, being directly ordered to do something.

Because Nolan's motion to intervene was denied, his motion to dismiss and opposition to 2600 Holdings' motion for summary judgment were deemed not properly before the circuit court. On November 3, 2022, the circuit court granted 2600 Holdings' summary-judgment motion and ordered the State "to take all steps necessary to remedy its constitutional violations." In response, the State advised the court that it was "taking the necessary steps to comply with the court's order," and thus, it waived its right to an appeal and voluntarily acquiesced to the order. The State issued notice of a hearing to revoke the license on November 7.

On November 9, the circuit court conducted a hearing on the matter, and the Attorney General acknowledged that the ABC was required to "take the necessary steps to revoke Mr. Nolan's license." During that hearing, Nolan explained that he and River Valley intended to appeal the denial of their motion to intervene and would be seeking a stay. The circuit court stated that, because the motion to intervene was denied, the matter would not be stayed on appeal. On November 17, Nolan requested to be heard as a party under Rules 19 and 24 of the Arkansas Rules of Civil Procedure. Nolan also moved for a new trial, explaining that they had not been provided an opportunity to defend their permit and license. The circuit court denied both motions on November 21 without responses from any party and without a hearing.

The majority has not stated the standard of review for denial of a motion to add a necessary party. An appeal of a circuit court's refusal to join a necessary party is reviewed under an abuse-of-discretion standard. *Yamauchi v. Sovran Bank/Cent. S.*, 309 Ark. 532, 832 S.W.2d 241 (1992). An abuse of discretion occurs when the circuit court exercises its discretion thoughtlessly and without due consideration. *Gulley v. State ex rel. Jegley*, 2023 Ark. 70, 664 S.W.3d 421. In light of the findings I have just recounted, I cannot say that the circuit court's decision was rendered thoughtlessly or without due consideration, and therefore, it did not abuse its discretion in denying Nolan's joinder motion.

The circuit court erred in denying Nolan's motion to intervene. Notably, the circuit court found that, "[u]ndoubtedly, resolving this case in favor of [2600 Holdings] will have an effect on Mr. Nolan's rights." Yet the circuit court denied Nolan's motion because it was not timely. As I noted in the procedural history, Nolan obviously believed that his

11

interests were adequately protected by the Attorney General until around that time that the Attorney General moved to withdraw. At that point, Nolan promptly moved to protect his cultivation license.

Although it does not discuss the circuit court's decision with regard to Nolan's right to intervene, the majority does correctly state that, as this court did in *Bayer Cropscience, LP v. Hooks*, 2022 Ark. 29, at 4, 638 S.W.3d 274, 277–78, the denial of a motion to intervene as a matter of right is reviewed de novo. The *Hooks* court further noted that if a putative intervenor satisfies the requirements for intervention as of right as specified by Rule 24(a)(2), the circuit court cannot deny the motion to intervene. *Hooks*, 2022 Ark. 29, at 4–5, 638 S.W.3d at 278. Rule 24(a) states:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In appealing the circuit court's refusal to grant his motion to intervene, Nolan primarily relies on *Cherokee Nation Businesses, LLC v. Gulfside Casino Partnership*, 2021 Ark. 17, 614 S.W.3d 811, asserting that he satisfied all three factors in Rule 24(a), and therefore, the circuit court was not authorized to deny his motion to intervene. Specifically, Nolan asserts that (1) he and River Valley have an interest in the subject matter of the litigation; (2) their interest might be impaired; and (3) their interest was not adequately protected. Nolan also persuasively argues that while his motion to intervene was made shortly before the circuit court decided the case, it was nonetheless timely.

Nolan's reliance on *Cherokee Businesses*, *supra*, is sound. Nolan clearly satisfies all the elements required by Rule 24(a). Throughout most of this case, Nolan's interests were being protected by the Attorney General, but when the Attorney General was unable to reconcile the different positions espoused by the state agencies that it represented, Nolan's interests diverged. As noted previously, the Attorney General was seeking to withdraw around the time that 2600 Holdings successfully moved to shorten the time to respond to its massive summary-judgment motion—from twenty-one days to only six days. Although the Attorney General did file a response, it was not timely, and 2600 Holdings moved to strike. Nolan sought to intervene only when the Attorney General, who was representing the State defendants, ceased to adequately defend his interests. Accordingly, I would reverse the circuit court's grant of summary judgment for denying Nolan's motion to intervene.

I concur.

**KAREN R. BAKER, Justice, dissenting.** While I recognize that the present appeal stems from the circuit court's failure to join Nolan as an indispensable party, I must dissent because the underlying grant of summary judgment in favor of 2600 Holdings—vacated by the majority—involves State action and therefore implicates sovereign immunity.

Regarding the majority's stance that sovereign immunity does not preclude a writ of mandamus, I disagree and take this opportunity to restate my position. In *Prince v. Arkansas State Highway Comm'n*, 2019 Ark. 199, 576 S.W.3d 1, I wrote separately for the reasons stated in my dissents in *Board of Trustees of University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, and *Arkansas Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, 564 S.W.3d 248. In *Prince*, the majority stated that *Andrews* has no bearing on a citizen's right to bring an

13

illegal-exaction claim. As set forth in my concurrence in *Prince*, I disagreed and explained that this is not supported by *Andrews* and its progeny. With regard to a writ of mandamus, the same logic applies. The majority's position, that sovereign immunity is not implicated by a writ of mandamus, conflicts with the broad language employed by *Andrews*. Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." In *Andrews*, the majority explained, "We interpret the constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d at 622. As stated in my dissent in *Andrews*, the manner in which the majority interpreted article 5, section 20 conflicted with various other constitutional provisions. *Id.* at 15–16, 535 S.W.3d at 624–25 (Baker, J., dissenting). Thus, in my view, the position that a writ of mandamus is not precluded by sovereign immunity contradicts *Andrews*.

Further, as correctly noted by the majority, the "circuit court found that in awarding the license to Nolan, the Commission exceeded its discretion, did not act within its ministerial duty, and violated the Arkansas Constitution and its own rules." This constitutes a review of State action. Because State conduct is at issue, *Andrews* bars suit. *Arkansas Dep't of Fin. & Admin. v. Carpenter Farms Med. Group, LLC*, 2020 Ark. 213, 17, 601 S.W.3d 111, 122 (Baker, J., concurring in part and dissenting in part). As I explained in my dissent in *Hurd*,

> In *Andrews*, the court held that "never means never," therefore . . . suit is barred based on the broad language in *Andrews* . . . because *Andrews* did not identify exceptions, exemptions or the like. Again, the State may never be sued[.]

2018 Ark. 397, at 18, 564 S.W.3d at 258 (Baker, J., dissenting).

14

Accordingly, I dissent from the result reached by the majority and would dismiss this appeal on the basis of sovereign immunity.

**SHAWN A. WOMACK, Justice, dissenting.** Consistent with my position in *Arkansas Department of Finance & Administration v. 2600 Holdings, LLC*, this entire case must be dismissed pursuant to Article 5, section 20 of the Arkansas Constitution.[1] Indeed, the appellants cannot prevail here because Article 5, section 20 of the Arkansas Constitution bars this suit.[2] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[3] Because there is not an applicable constitutional carve-out for the underlying suit that named the State as a defendant, appellants have no right to intervene, and the case must be dismissed.

For these reasons, I respectfully dissent.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan* and *Stephen C. Smith*; and *Quattlebaum, Grooms & Tull PLLC*, by: *Joseph R. Falasco*, for appellants.

*Hall Booth Smith, P.C.*, by: *Abtin Mehdizadegan* and *Joseph C. Stepina*, for appellee 2600 Holdings, LLC, d/b/a Southern Roots Cultivation.

---

[1] *See Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, at 13, 646 S.W.3d 99, 106 (Womack, J., concurring in part and dissenting in part) ("I would reverse and dismiss the case in its entirety and base the disposition solely on article 5, section 20.").

[2] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[3] *See Bd. of Trs. of Univ. of Ark. v. Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d 616, 619 ("A suit against the State is barred by the sovereign-immunity doctrine if a judgment for the plaintiff will operate to control the action of the State."); *see also Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000) (same).